United States District Court
Southern District of Texas
FILED

JAN 2 7 2003

Michael N. Milby, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES BANKRUPTCY |
| HARRY JOEL CAVAZOS and | ) | COURT |
| MINERVA CAVAZOS, | ) | |
| | ) | **B-03-057** |
| Debtors, | ) | Bankruptcy Case No. 00-20277-B-13 |
| | ) | |

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By _____
Deputy Clerk

| | | |
|---|---|---|
| HARRY J. CAVAZOS and | ) | |
| MINERVA CAVAZOS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary No. 01-2101-B |
| | ) | |
| LUIS MUNOZ, c/b/a MUNOZ | ) | |
| ROOFING AND CONSTRUCTION, | ) | |
| | ) | |
| Defendant. | ) | |

United States District Court
Southern District of Texas
FILED

MAR 1 3 2003

Michael N. Milby
Clerk of Court

NOTICE OF APPEAL OF ORDER GRANTING JUDGMENT

COMES NOW LUIS MUNOZ, d/b/a MUNOZ ROOFING AND CONSTRUCTION,

Defendant in the above captioned adversary, and appeals to the District Court from the final

order granting Judgment entered on January 15, 2003 and the Court's Findings of Fact and

Conclusions of Law entered on November 26, 2002. The parties to the Order appealed from and

addresses of their respective attorneys are as follows:

| | |
|---|---|
| Luis Munoz, Individually and | Harry J. Cavazos |
| d/b/a Munoz Roofing and Construction | Minerva Cavazos |
| | |
| Attorney: | Attorneys: |
| Mr. Richard O. Habermann | Mr. Gerry Linan |
| 1418 Beech Avenue, Suite 132 | 847 East Harrison Street |
| McAllen, Texas 78501 | Brownsville, Texas 78520 |

Respectfully submitted,

Richard O. Habermann
1418 Beech Avenue, Suite 132
McAllen, Texas 78501
Office: (956) 687-2920
Fax: (956) 668-1923
State Bar No. 088665530
Federal ID No. 9275

**ATTORNEY FOR APPELLANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served by
regular mail in accordance with applicable rules of this Court, to the following parties on this
_24_ day of January, 2003:

Mr. Gerry Linan                    Mr. Luis Munoz
847 East Harrison Street          363 West Kimball
Brownsville, Texas 78520          Raymondville, Texas 78580

Richard O. Habermann

# CLOSED, APPEAL

### U.S. Bankruptcy Court
### Southern District of Texas (Brownsville)
### Adversary Proceeding #: 01-02101

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, Clerk of Court
By _____ Deputy Clerk

*Assigned to:* Richard S Schmidt
*Related BK Case:* 00-20271
*Related BK Title:* Harry Joel Cavazos and Minerva
Cavazos
*Demand:*
*Nature of Suit:* 435

*Date Filed:* 07/17/01
*Date Terminated:* 12/10/2002

## Plaintiff
------------------------

**Harry J Cavazos**

represented by

**Gerardo Ernesto Linan**
Attorney at Law
847 E Harrison
Brownsville, TX 78520
956-504-2425
Fax : 956-504-2451
Email: geelinan@aol.com

**Richard O Habermann**
Attorney at Law
1418 Beech Ave
Ste 132
McAllen, TX 78501
956-687-2920
Fax : 956-668-1923
Email: richardhabermann@sbcglobal.net

**Minerva Cavazos**
SSN: 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

represented by

**Gerardo Ernesto Linan**
(See above for address)

**Richard O Habermann**
(See above for address)

V.

## Defendant
------------------------

**Luis Munoz**
SSN: 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

represented by

**Richard O Habermann**
(See above for address)

*dba*
**Munoz Roofing and Construction**

## U.S. Trustee

---

**US Trustee, 7**
Office of the U S Trustee
515 Rusk Ave
Ste 3516
Houston, TX 77002
(713) 718-4650

represented by

**Barbara C Jue**
Office of U S Trustee
606 N Carancahua
Ste 1107
Corpus Christi, TX 78476
361-888-3261
Fax : 361-888-3263

| Filing Date | # | Docket Text |
|---|---|---|
| 07/17/2001 | 1 | Complaint [01-2101] Harry J Cavazos vs. Luis Munoz . NOS435 Validity/Priority/Extent Lien , NOS 459 ApplicationFor Removal . [ Filing Fee $ 150.00 Receipt # 953078][jlof] (Entered: 07/19/2001) |
| 07/19/2001 | | Summons Mailed to Attorney Richard Habermann for Completion[jlof] (Entered: 07/19/2001) |
| 07/24/2001 | 2 | Comprehensive Discovery, Mediation and Scheduling Order[fmremp] (Entered: 07/24/2001) |
| 08/13/2001 | 3 | Motion By Plaintiff Harry J Cavazos, Plaintiff MinervaCavazos to Remand Re: [1-1] Complaint NOS 435Validity/Priority/Extent Lien, [1-2] Complaint NOS 459Application For Removal . to lg[fmremp] (Entered: 08/15/2001) |
| 08/16/2001 | 4 | Order to Set Hearing RE: [3-1] Motion to Remand Re: [1-1]Complaint NOS 435 Validity/Priority/Extent Lien, [1-2]Complaint NOS 459 Application For Removal by MinervaCavazos, Harry J Cavazos scheduled for 9:00 9/12/01 at 600E Harrison, Brownsville Parties Notified.[fmremp] (Entered: 08/16/2001) |
| 08/29/2001 | 5 | Motion by Defendant Luis Munoz Requesting Waiver ofMediator md 9/17 [fmremp] (Entered: 08/30/2001) |
| 08/29/2001 | 6 | Response By Defendant Luis Munoz To [3-1] Motion toRemand Re: [1-1] Complaint NOS 435 Validity/Priority/ExtentLien, [1-2] Complaint NOS 459 Application For Removal byMinerva Cavazos, Harry J Cavazos .[fmremp] (Entered: 08/30/2001) |
| 09/12/2001 | 7 | Hearing Held Re: [3-1] Motion to Remand Re: [1-1] ComplaintNOS 435 Validity/Priority/Extent Lien, [1-2] Complaint NOS459 Application For Removal by Minerva Cavazos, Harry JCavazos . Agreed scheduling order to be submitted within 10days.[fmremp] (Entered: 09/14/2001) |
| 09/24/2001 | 8 | Comprehensive Scheduling Order. Discovery Due: 12/10/01Motions Due : |

| | | |
|---|---|---|
| | | 1/2/02 Joinder of Parties due : 12/10/01Amendments due : 12/10/01 Joint Witness/Exhibit Statementsdue : 4/1/02 Proposed Findings/Conclusions of Law due :4/1/02 ; Pre-Trial Hrg Scheduled For 9:00 4/10/02 at 600 EHarrison, Brownsville .[fmremp] (Entered: 09/24/2001) |
| 12/03/2001 | 9 | Motion By Plaintiff Harry J Cavazos, Plaintiff MinervaCavazos For Summary Judgment in re: [1-1] Complaint NOS435 Validity/Priority/Extent Lien, [1-2] Complaint NOS 459Application For Removal . to lg[shyt] (Entered: 12/04/2001) |
| 12/12/2001 | 10 | Order to Set Hearing RE: [9-1] Motion For Summary Judgmentby Minerva Cavazos, Harry J Cavazos scheduled for 9:002/6/02 at 600 E Harrison, Brownsville Parties Notified.[shyt] (Entered: 12/12/2001) |
| 01/31/2002 | 11 | Response By Defendant Luis Munoz To [9-1] Motion ForSummary Judgment by Minerva Cavazos, Harry J Cavazos .[shyt] (Entered: 02/04/2002) |
| 02/06/2002 | 12 | Hearing Re: [9-1] Motion For Summary Judgment by MinervaCavazos, Harry J Cavazos continued to 10:00 2/7/02 at 600 EHarrison, Brownsville. Arguments presented.[shyt] (Entered: 02/06/2002) |
| 02/07/2002 | 13 | Hearing Held Re: [9-1] Motion For Summary Judgment byMinerva Cavazos, Harry J Cavazos . Exhibits offered andspecific exhibits admitted on record. Arguments presented.Letter briefs to be submitted within 7 days. Underadvisement.[shyt] (Entered: 02/08/2002) |
| 02/07/2002 | 14 | Defendant Luis Munoz Exhibit List[shyt] (Entered: 02/11/2002) |
| 02/08/2002 | | Under Advisement [9-1] Motion For Summary Judgment byMinerva Cavazos, Harry J Cavazos .[shyt] (Entered: 02/08/2002) |
| 04/09/2002 | 15 | Order Denying Motion For Summary Judgment (Related Doc # 9) Signed on 4/9/2002. (gcha, ) (Entered: 04/10/2002) |
| 04/10/2002 | | Courtroom Minutes. Time Hearing Held: 9:00am. Appearances: R. Habermann, G. Linan. (related document(s)8). Findings of fact and conclusions of Law to be submitted. Summary Judgement is pending. Trial date set for 8/7/2002 at 09:00 AM at Brownsville, 600 E Harrison. (take, ) (Entered: 04/10/2002) |
| 04/12/2002 | | Copy of Instrument #15 mailed to all parties on 4/12/02. (cson, ) (Entered: 04/12/2002) |
| 08/07/2002 | 16 | Exhibit List Filed by Harry J Cavazos, Minerva Cavazos. (gcha, ) (Entered: 08/09/2002) |
| 08/07/2002 | | Trial Held (related document(s)8). Exhibits offered and admitted. Opening |

| | | arguments presented. Witness' sworn and testimony presented. Stipulations stated on record. No interpreter available for non-English witness', Court instructed parties to attempt to reach agreement on testimony that can not be presented because of language barriers. Court located available interpreter. Spanish speaking witness' sworn, testimon given / translated. Witness' recalled for further testimony. Closing agruments presented. Briefs to be submitted within 2 weeks. Under Advisement. (take, ) (Entered: 08/07/2002) |
|---|---|---|
| 08/30/2002 | 17 | Memorandum of Law on Procedure for Creating a Mechanics' Lien in Texas Filed by Gerry Linan for Harry J Cavazos, Minerva Cavazos. (gcha, ) (Entered: 08/30/2002) |
| 09/30/2002 | 18 | Status Report Filed by the Court setting deadlines. (gcha, ) (Entered: 09/30/2002) |
| 10/17/2002 | 19 | Proposed Findings of Fact and Conclusions of Law Filed by Richard Habermann for Luis Munoz. (gcha, ) (Entered: 10/17/2002) |
| 11/26/2002 | 20 | Findings of Fact and Conclusions of Law Signed on 11/26/2002. (gcha, ) (Entered: 11/26/2002) |
| 11/27/2002 | | Clerk's Certificate of Service. The related document was mailed to all attorneys and unrepresented parties on 11/27/02. (related document(s)20). (hmit, ) (Entered: 11/27/2002) |
| 12/10/2002 | | Adversary Case Closed. (sgue, ) (Entered: 12/10/2002) |
| 01/15/2003 | 21 | Judgment Signed on 1/15/2003. (gcha, ) (Entered: 01/16/2003) |
| 01/15/2003 | | Clerk's Certificate of Service. The related document was mailed to all attorneys and unrepresented parties on 1/16/03. (related document(s)21). (gcha, ) (Entered: 01/16/2003) |
| 01/27/2003 | 22 | Notice of Appeal. Receipt Number 0,Fee Amount $105. Filed by Luis Munoz (related document(s)21). Appellant Designation due by 2/6/2003. (gcha, ) (Appeal No. 03-04). Modified on 1/28/2003 (gcha, ). (Entered: 01/27/2003) |
| 02/12/2003 | | Notice of Appeal was mailed deficient to the Brownsville District Office for non-payment of filing fee. Copies of letter mailed to Richard Habermann, Luis Munoz, Harry and Minerva Cavazos and Gerry Linan. (gcha, ) (Entered: 02/12/2003) |
| 03/06/2003 | 23 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Harry J Cavazos, Minerva Cavazos (related document(s)22). (gcha, ) (Entered: 03/11/2003) |
| 03/07/2003 | | Receipt Number 962495, Fee Amount $105.00. (related document(s)22). |

| | | |
|---|---|---|
| | | (jhil, ) (Entered: 03/10/2003) |
| 03/11/2003 | | Notice of Appeal was mailed once again to the Brownsville District Office. Entry #22 was never received. Copies of letter mailed to Richard Habermann, Luis Munoz, Harry and Minerva Cavazos and Gerry Linan. (gcha, ) (Entered: 03/11/2003) |

United States Courts
Southern District of Texas
FILED

MAR 6 – 2003

Michael N. Milby, Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES BANKRUPTCY |
| HARRY JOEL CAVAZOS and | ) | COURT |
| MINERVA CAVAZOS, | ) | |
| | ) | Bankruptcy Case No. 00-20277-B-13 |
| Debtors, | ) | |
| --------------------------------------------- | | |
| HARRY J. CAVAZOS and | ) | |
| MINERVA CAVAZOS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Adversary No. 01-2101-B |
| | ) | |
| LUIS MUNOZ, c/b/a MUNOZ | ) | |
| ROOFING AND CONSTRUCTION, | ) | |
| | ) | |
| Defendant. | ) | |

## DESIGNATION OF RECORD ON APPEAL

The following are the items constituting the record on appeal.

1. Plaintiff's Motion to Remove Lien

2. Defendant's Motion to Dismiss

3. Notice and Appeal of Removal

4. Exhibit and Witness List with Exhibits

5. Finding of Facts and Conclusions of Law

6. Judgment

## ISSUES ON APPEAL

Whether the original contractor who has a proper and valid Mechanic's Lien Note and proper

and validly recorded Mechanic's Lien Contract on a homestead is required to file an affidavit

under Section 53.052 under Texas Property Code in order to be a secured creditor.


Respectfully submitted,


Richard O. Habermann
1418 Beech Avenue, Suite 132
McAllen, Texas 78501
Office: (956) 687-2920
Fax: (956) 668-1923
State Bar No. 088665530
Federal ID No. 9275

### ATTORNEY FOR APPELLANTS


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served by
regular mail in accordance with applicable rules of this Court, to the following parties on this
_11_ day of February, 2003:

Mr. Gerry Linan                     Mr. Luis Munoz
847 East Harrison Street            363 West Kimball
Brownsville, Texas 78520            Raymondville, Texas 78580


Richard O. Habermann

CAUSE NO. 01-209

| | | |
|---|---|---|
| HARRY CAVAZOS AND MINERVA CAVAZOS | § | IN THE 357ᵗᴴ JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT OF |
| | § | |
| LUIS MUNOZ, d/b/a MUNOZ ROOFING AND CONSTRUCTION | § | WILLACY COUNTY, TEXAS |

## MOTION TO REMOVE LIEN

TO THE HONORABLE COURT:

**HARRY CAVAZOS and MINERVA CAVAZOS**, movants, makes this motion that the Court remove a lien filed on Movants homestead and in support of such motion shows:

I.

The lien that is the subject of this suit to declare the invalidity if the lien was executed on March **10**, 1999. The lien arose from alleged remodeling to Movants homestead.

II.

The lien is invalid because notice of a filed affidavit was not furnished to the owner of the property as required by Property Code Section 53.054 or the lien was filed on the homestead property of Movants. However, although the lien allegedly arose from work performed in connection with an improvement to a homestead, no written contract was executed before commencement of the work, as required by Property Code Section 53.254. Further:

Notice of claim was not furnished to the owner or contractor as required by Property Code Sections 53.056,

53.057, 53.058, 53.252 or 53.253.

2.    An affidavit claiming a lien failed to comply with Property Code Section 53.054 or was not filed as required by Property Code Section 53.052.

3.    Notice of the filed affidavit was not furnished to the owner or original contractor as required by Property Code Section 53.055.

4.    When the lien affidavit was filed on homestead property: (a) no contract was executed or filed as required by Property Code 53.254; (b) the affidavit claiming a lien failed to contain the notice as required by Property Code Section 53.254; or c) the notice of the claim failed to include the statement required by Property Code Section 53.254.

The affidavits of Harry Cavazos and Minerva Cavazos, in support of the foregoing allegations, is attached to this Motion as Exhibit A and Exhibit B.

WHEREFORE, Movants request that, under the provisions of Texas Property Code Section 53.160, this Honorable Court remove the lien that is the subject matter of this suit, and set the security in a reasonable amount not to exceed $500.00.

Respectfully submitted,

**LAW OFFICE OF GERRY LINAN**
847 East Harrison
Brownsville, Texas 78520
Telephone:  (956)504-2425

By:    _GERRY LINAN_
       State Bar No. 00792647

STATE OF TEXAS          *
                        *
COUNTY OF WILLACY       *

### VERIFICATION

    BEFORE ME, the undersigned Notary Public, on this day personally appeared **HARRY CAVAZOS**, who being by me duly sworn on oath deposed and said that he has read the above and foregoing Motion to Remove Lien; and that every statement contained in that document is within his personal knowledge and is true an correct.

_Harry Cavazos_
HARRY CAVAZOS

SUBSCRIBED AND SWORN TO BEFORE ME on the _23_ day of _May_, 2001, to certify which witness my hand and official seal.

ANNA FINN
Notary Public
State of Texas
My Comm. Exp. 07/05/2003

_Ann M. Finn_
Notary Public in and for
The State of Texas

My commission expires:

_7 / 05 / 2003_

EXHIBIT A

STATE OF TEXAS          *
                        *
COUNTY OF WILLACY       *

### VERIFICATION

    BEFORE ME, the undersigned Notary Public, on this day personally appeared **MINERVA CAVAZOS**, who being by me duly sworn on oath deposed and said that she has read the above and foregoing Motion to Remove Lien; and that every statement contained in that document is within her personal knowledge and is true and correct.

                                        _____
                                        MINERVA CAVAZOS

    SUBSCRIBED AND SWORN TO BEFORE ME on the ___23___ day of _____May_____, 2001, to certify which witness my hand and official seal.

ANNA FINN
Notary Public
State of Texas
My Comm. Exp. 07/05/2003

                          _____
                        Notary Public in and for
                        The State of Texas

                        My commission expires:

                        _____7/05/2003_____

EXHIBIT B



JUL 1 2 2001
3:05
B.M. "Chapa" Femmoz, Clerk ~ Troy Jo.
By

CAUSE NO. 01-209

HARRY CAVAZOS AND MINERVA    )    IN THE 357th JUDICIAL
CAVAZOS,                      )
                             )
        Plaintiffs,           )
                             )
vs.                          )    DISTRICT COURT OF
                             )
LUIS MUNOZ, d/b/a MUNOZ       )
ROOFING AND CONSTRUCTION,      )
                             )
        Defendant.            )    WILLACY COUNTY, TEXAS

## MOTION TO DISMISS

COMES NOW LUIS MUNOZ, Defendant in the above captioned action, and moves this

Court to dismiss this case, and in support therefor, respectfully states to the Court as follows:

1.    This case was filed on June 15, 2001. No service was ever perfected upon the

Defendant.

2.    This case is very similar and seeks the same remedies as a case previously filed

with the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division.

That case (hereinafter called "Adversary Case") was styled *HARRY J. CAVAZOS AND MINERVA*

*CAVAZOS vs. LUIS MUNOZ, INDIVIDUALLY and d/b/a MUNOZ ROOFING AND*

*CONSTRUCTION COMPANY*. The case was given the Adversary Number 00-2129-B by the

United States Bankruptcy Court. The Bankruptcy Court obtained jurisdiction because Harry

Cavazos and Minerva Cavazos filed for protection in bankruptcy in a case styled *HARRY JOEL*

*CAVAZOS AND MINERVA CAVAZOS*, which was given the bankruptcy number 00-20271-B-13 by

the U. S. Bankruptcy Court. A copy of said Adversary is attached hereto as Exhibit "A", and  by

reference made a part hereof, as if fully set forth herein.

3.    The Adversary was filed on or about August 14, 2000, and was duly served upon the Defendant, Luis Munoz. Mr. Munoz filed his answer and counterclaim on or about September 9, 2000. A copy of that Answer and Counterclaim is attached hereto as Exhibit "B", and by reference made a part hereof, as if fully set forth herein. That case is still open and pending before the U. S. Bankruptcy Court.

4.    Since this case involves the same Plaintiffs and Defendant, and involves all of the issues presented by the Plaintiffs in the U. S. Bankruptcy Court, this case, which was filed almost a year after the case in the U. S. Bankruptcy Court, should be dismissed.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this case be dismissed, and for such other and further orders of the Court as may be just and equitable in the premises.

Respectfully submitted,

Richard O. Habermann
308 North 15th Street
McAllen, Texas 78501
(956) 687-2920
FAX (956) 668-1923
State Bar No. 08665530

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that on this _12_ day of July, 2001, I placed an exact copy of the above and foregoing pleading in a properly addressed and stamped envelope, to the persons and addresses stated below, in the United States Post Office, McAllen, Texas.

Mr. Gerry Linan
LAW OFFICE OF GERRY LINAN
847 East Harrison
Brownsville, Texas 78521

_____
Richard O. Habermann

Exhibit _____ *A*

B 250A
(Rev. 9/94)

# United States Bankruptcy Court

District of _____

In re

Harry J. Cavazos and
Minerva Cavazos            **Debtor**

**Plaintiff**

Munoz, Roofing, and        **Defendant**
Construction Company

Bankruptcy Case No.
00-20271-B-13

Adversary Proceeding No.
00-2129-B

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

**Address of Clerk**
113 Wilson Plaza North
615 Leopard Street
Corpus Christi, Texas 78476-2201

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

**Name and Address of Plaintiff's Attorney**
Cesar A. Amador
LAW OFFICES OF JOHN VENTURA, P.C.
7 North Park Plaza
Brownsville, Texas 78521

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

_____
*Clerk of the Bankruptcy Court*

AUG 1 5 2000

_____
*Date*

By: _____
*Deputy Clerk*

FILED

AUG 14 2000

UNITED STATES
BANKRUPTCY COURT

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

HARRY J. CAVAZOS, and         §
MINERVA CAVAZOS               §       CASE NO.: 00-20271-B-13
                              §
vs.                           §       ADVERSARY NO. 00-2129-B
                              §
LUIS C. MUNOZ, INDIVIDUALLY   §
and d/b/a MUNOZ ROOFING AND   §
CONSTRUCTION COMPANY          §

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HARRY J. CAVAZOS and MINERVA CAVAZOS hereinafter referred to as Plaintiffs and present this their Original Complaint against Luis C. Munoz, Individually, and d/b/a Munoz Roofing and Construction Company, hereinafter referred to collectively as Defendant, and will respectfully show unto the Court the following:

I.

Defendant Luis C. Munoz, Individually and d/b/a Munoz Roofing Company is located in Willacy County and can be served with service of process at 829 West White, Raymondville, Texas 78580.

Defendant Munoz Roofing and Construction Company is located in Raymondville and can be served with service of process upon Luis C. Munoz at 829 West White, Raymondville, Texas 78580.

II.

On or about January 1, 1998, Defendant provided Plaintiffs with a Proposal for Home Repairs.  Please see Exhibit "A" attached hereto and incorporated herein by reference.

On or about September 12, 1998, Plaintiffs and Defendant and Plaintiffs' mortgage entered into an agreement. Specifically, the parties agreed on or about September 12, 1998, for a full and complete remodeling of the Cavazos' family residence. The agreed cost amounted to $23,850.00 that was to be paid upon the completion of the remodeling/improvements agreed upon. After Defendant Munoz commenced the agreed upon remodeling/improvements, it became apparent that the job was not going to be completed on a timely basis and in fact, on or about September 3, 1999, Plaintiffs were advised by Defendant Munoz that he was abandoning the remodeling/improvement project with no intention of completing the project.

Subsequent thereto, on or about September 20, 1999, Plaintiffs, by and through their attorney at the time, sent correspondence to Defendant Munoz inquiring about his intentions of not completing the remodeling/improvement project, requesting an itemized billing statement for labor and materials and a release of Defendant Munoz' Mechanic's Lien so that payment could be made. Please see Exhibit "B" and Exhibit "C" attached hereto and incorporated herein by reference. There was no response until November 12, 1999, when Mr. Munoz claimed that he was entitled to a payment of $33,615.00 for labor and materials used thru on or about September 10, 2000. Additionally, Defendant Munoz claimed that it would cost an additional $6,385.00 to complete the home remodeling/improvement project as initially agreed upon back on September 12, 1998.

Plaintiffs Cavazos believe that since they did not respond to the Defendant Munoz' correspondence, Defendant Munoz, through his legal representative, served on Plaintiffs Cavazos his Notice that the Debt had been Accelerated dated December 16, 1999. Therein Defendant Munoz seeks to recover the sum of $32,519.50 further advising that if the amount

was not immediately paid, Defendants' Cavazos' property would be sold to satisfy the debt pursuant to the original Mechanic's Lien dated March 5, 1999, in the principal sum of $23,850.00. As a result of this correspondence and subsequent thereto, Plaintiffs Cavazos filed their petition in Bankruptcy Court.

### III.

The failure of Defendant to complete the home remodeling/improvement project constitutes a breach of contract for which Plaintiffs now sue.

Specifically, Defendant on or about September 3, 1999, advised that Defendant had no intention of completing the home remodeling/improvement project unless Defendant was paid an amount of monies claimed, all in excess of the sums agreed upon September 12, 1998.

### IV.

In the alternative to other counts, Plaintiffs plead for recovery under the doctrine of promissory estoppel.

Specifically, Plaintiffs Cavazos fully and completely relied on the contractual representations made by Defendant Munoz in his January 1, 1998 proposal for repairs and the September 12, 1998 agreement, all to their subsequent detriment when Defendant Munoz failed to timely complete the agreed upon remodeling/improvement project and when Defendant Munoz made known his intentions of not completing the project made the basis of their suit unless Defendant Munoz was first paid an amount of monies well in excess of the agreed amount of $23,850.00.

### V.

Defendant Munoz violated the Texas Deceptive Trade Practices Act because Defendant Munoz engaged in false, misleading, and/or deceptive acts or practices that Plaintiffs relied

on to their detriment.  Specifically, Defendant Munoz has:

(a)     Representing goods and services rendered as being of a particular standard, quality, or grade, and/or that the goods are of a particular style or model when, to Plaintiffs' belief, the goods and services actually rendered were of another standard, quality, and/or grade;

(b)     Representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced; and,

(c)     Failed to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the Defendants into a transaction into which the Plaintiffs would not have entered had the information been disclosed.

## VI.

Plaintiffs affirmatively plead that they seek monetary relief aggregating $100,000.00 or less, excluding costs, prejudgment interest, and attorney fees.

## VII.

The damages, which are unliquidated, are within the jurisdictional limits of the court. Defendant's non-performance constitutes a breach of the contract.

## VIII.

Plaintiffs seek the following remedies:

(a)     Specific performance of the contract agreed upon;

(b)     Cancellation of the contract as a result of Defendant Munoz' failure to complete the remodeling/improvement project agreed upon; and,

(c)     Release of any and all Mechanic Liens in favor of Defendant Munoz due to Defendant Munoz' failure to complete the project agreed upon on or about September 12, 1998.

## IX.

Defendant's conduct was a producing cause of mental anguish damages suffered by Plaintiffs, for which Plaintiffs are entitled to recover because of Defendant's knowing conduct. Defendant's conduct was committed knowingly because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiffs' claims and/or Defendant had actual awareness of the act, practice, condition, defect, and/or failure constituting the breach of warranty.

## X.

Because Defendant acted knowingly, Plaintiffs are entitled to recover treble damages pursuant to the Texas Deceptive Trade Practices Act, Texas Business and Commerce Code §17.50(b)(1).

## XI.

Plaintiffs are entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code Chapter 38, because this is a suit on a written contract, which is listed in §38.00(8) and pursuant to Texas Business and Commerce Code §17.50(b). Plaintiffs retained counsel, who presented Plaintiffs' claim to Defendant. Defendant did not respond within thirty (30) days of the date of the claim was presented.

## XII.

All conditions precedent have been performed or have occurred as required by TRCVP.

## XIII.

Plaintiffs demand a jury trial and tender the appropriate fee.

## XIV.

For these reasons, Plaintiffs ask that Defendant be cited to appear and answer and that Plaintiffs have judgment against Defendant for the following:

(a)    Actual damages within the jurisdictional limits of this Court;

(b)    Alternatively, specific performance, cancellation of the contract, and release of

        any and all Mechanic Liens;

(c)    Mental anguish damages within the jurisdictional limits of the Court;

(d)    Treble damages pursuant to the Texas Deceptive Trade Practices Act;

(e)    Attorneys fees;

(f)    Prejudgment and post-judgment interest as allowed by law;

(g)    Costs of suit; and,

(h)    All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

**LAW OFFICES OF JOHN VENTURA, P.C.**
7 North Park Plaza
Brownsville, Texas 78521
Telephone: (956) 546-9398
Telecopier: (956) 542-1478

By:
        JOHN VENTURA
        Federal I.D. No. 1646
        State Bar No. 20545700
        ABELARDO LIMON, JR.
        Federal I.D. No. 10045
        State Bar No. 12357750
        ELLEN C. STONE
        Federal I.D. No. 7081
        State Bar No. 19305000
        CESAR A. AMADOR
        Federal I.D. No. 8966
        State Bar No. 01136040

<u>Plaintiffs' Original Complaint</u>- Page 6

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Plaintiffs' Original Complaint was mailed to:

<u>Chapter 13 Trustee</u>
Cindy Boudloche
711 N. Carancahua, Suite 1508
Corpus Christi, Texas 78475

<u>U.S. Trustee</u>
515 Rusk, Suite 3516
Houston, Texas 77002


Mr. Curtis Bonner
BONNER & BONNER
103 S. Third Street
Harlingen, Texas 78551


on this the 10th day of August, 2000.

JOHN VENTURA
ABELARDO LIMON, JR.
ELLEN C. STONE
CESAR A. AMADOR

MUNOZ ROOFING & CONSTRUCTION
1100 Hwy. 186
Raymondville, Texas     78580
(210) 689-3591
Rep: Luis Munoz                                    DATE: 1-1-98

PROPOSAL FOR REPAIRS


Client: Mr & Mrs. Harry Cavazos
            W. White
            Raymondville, Texas 78580

Description & Cost of Items Needed:            Amount

1.  Exterior of Home
    A. Replace roof cover for entire home.
       1.) To include 250#r fiberglass shingles & 30# felt
    B. Include new decking.
       1.) 1/2" CDX plywood with proper clips.
    c. Comply with Windstorm requirement.
       1.) Hurricane clips on every rafter.
  --D. Replace all facia with 1X6 cedar and 1X2 trim.
    E. Install R-19 insulation
       1.) Roll or Blown-in
    F. Replace all rotten rafters and rafter tips.
       1.) Also include additional bracing.
    G. Replace all siding on front section of home (South)
       and side section (West)- Living Room Area with new 105
       sections.
    H. Install two (2) new gable vents.
  Q — I. Prime all siding and paint with two coats of ext.
       latex paint.


2.  Living Room
  Q — A. Remove existing entrance door and replace with new
       door.
    B. Construct new steps for front entrance and a Front patio
       with Treaded Lumber.
    C. Remove all vinyl tile and repair all rotten flooring.
   -D. Install layer of 1/4" underlayment and then cover
       with 3/32" vinyl tile with new base trim.
    E. Include addition with new 1/2 sheetrock, Tape, Floated
       and Textured.
    F. Strip all sheetrock from walls.
    G. Insulate walls with R-19 roll type.
    H. Install new 1/2" sheetrock. Taped, floated, and textured.
    I. Trim out windows and construct new window stool.
    J. Recondition walls and paint room.
                              Sub-Total--------------------


3.  Kitchen
    A. Strip flooring and replace all rotten sections.
    B. Install 1/4" underlayment and then cover with 3/3[
    C. Provide extra support for joists and rails.



Propsal                                                                        Page 2

    D. Construct a rangehood cabinet and install rangehood
       to be vented out.
    E. Remove all ceiling sheetrock and replace with new 1/2"
       tape, float, and accoustic.
    F. New cabinets made out of Oak.
    G. Recondition walls and paint.
       Make an addition of 16* Exten the kitchen.
    H. Built in Refrigerator & Pantry. Install counter 8'0 on
       West wall.
    I. Glass window on South wall. Cabinets made.
    J. Remove water Heater and install with extension.
    K. Remove A/C unit in Kitchen Pantry.
    L. Install washer & Dryer with Bi-Fold Doors.
                   Sub-Total--------------------

4.   Den
    A. Sheetrock ceiling & walls/Tape & Float.


5.   Bedroom
    A. Replace door unit with hollow core type, all hardware
       and stain included.
    B. Install new closet door-Bi-fold type (Complete).
    C. Remove existing sheetrock on ceiling and replace
       with new. Taped, floated and accoustics.
    D. Repair rotten flooring and install new vinyl tile.
       (No underlayment for this room).
    E. Recondition walls and paint all room.
    F. Make an addition of 16* Complete.
                   Sub-Total--------------------

   Living Room
    A. Sheetrock ceiling and walls. Center Entrance Door to where
       A/C unit is located. Eliminate Gas Lines. Eliminate west window-
       Eliminate South window.
                   Sub-Total--------------------

   Hall
    A. Sheetrock, tape, float, and paint area.
    B. sheetrock ceiling and walls/Tape &Float.

                   Sub-Total--------------------


   Bathroom
   A. Remove old Tube an Install new shower.


    A. Replace roofing for the House. To include gable type
       Structure which will connect with main home 2X6 on the new addition.
    B. Shingle will be used with a 30# felt underlayment. 1/2"
       decking will be used for roofing material.
    C. Insulation (R-19) will be placed in attic.
    D. Washer/Dryer connections will be installed for utility area.
    E. A closet will be constructed as per sketch withbi-fold
       doors.

F. A new exterior door unit will be installed with
   new steps. (Complete).
G. All rotten flooring will be replaced and new 1/4"
   underlayment will be installed.
H. Vinyl tile will be installed with the proper base trim.
I. Replace all rotten sheetrock. Tape, Float, and paint.

                    Sub-Total--------------------


10.    A. Finish Bedroom & Install entrance to B.R. on S.W. Corner
          Finish ceiling & sheetrock.
       B. Enclose Garage sheetrock and Tape & Float.
       C. Utility Room to be converted to bathroom & closet.

                    Sub-Total--------------------


11.    Electrical Work
       A. All wiring will be checked by licensed electrician.
       B. Faulty wiring will be replaced in all rooms.
       C. Additional outlets will be placed as per electrician
          recommendations.
       D. New light fixtures in following areas:
          1). Front door- Allowance 12.00
          2). Rear Door- Allowance 12.00
          3). Bedroom #1 & #2- Allowance 8.00
          4). Kitchen- Allowance 15.00
          5). Living Room- Allowance 18.00
          6). Hall- Allowance 6.00
       E. The balance of Electrical items needed will fall

                    Sub-Total--------------------

              Total Material & Labor $ 23.850.00


_Luis C. Munoz_
Luis Munoz, Contractor                              _____
                                                         Date

# ROBERT H. CASTLEBERRY
## *Attorney at Law*

275 Jose Marti, Suite A • Brownsville, Texas 78521 • (956) 541-8066 • Fax (956) 541-5079

September 20, 1999

Luis Munoz, d/b/a Munoz Roofing and Construction
829 W. White Ave.
Raymondville, TX 78580

Re: Harry Cavazos and Minerva Cavazos
    847 W. White Ave.
    Raymondville, TX 78580

Dear Mr. Munoz,

I have been retained by Mr. and Mrs. Harry Cavazos regarding the home improvement project that you have worked on. They have provided me with the Proposal for Repairs that you submitted, and which is the basis of your contract. I also have a copy of the mechanic's lien contract and mechanic's lien note.

As you are aware, the time for completion of the project has passed. In addition, my clients inform me that you have evidently abandoned the project, with no intention of completing the project.

Therefore, at this point my clients wish to pay you for the value of the work you have done, and hire a new contractor to complete their home improvements. If you will submit a billing statement for labor and materials, we will review it. Please submit the bill through my office at the address on this letterhead.

I have suggested to my clients that they obtain three new bids for completing the project, and they can select the best bid. Obviously, the cost of completing the project will have to be deducted from the original contract price. There will probably be some difference in that amount versus your bill, but we will negotiate that figure with you.

We will need the names and addresses of all persons and businesses that provided labor or materials for the project up to this time. I will prepare lien waivers for each of them to execute. I will need to have those lien waivers executed and returned to me before we can pay you.

Payment will be made to you upon completion of the project, when my clients obtain their permanent financing, as originally planned.



Please send me your bill and list of subcontractors and material men as soon as possible. Let me know if you have any questions or comments.

Sincerely,

Robert H. Castleberry

Copy: Clients

## MECHANIC'S LIEN CONTRACT

Date:      March 5, 1999

Owner:     HARRY J. CAVAZOS and wife, MINERVA CAVAZOS

Owner's Mailing Address:

>    847 West White
>    Raymondville, Texas 78580
>    Willacy County

Contractor:   LUIS MUNOZ, d/b/a/ MUNOZ ROOFING & CONSTRUCTION

Contractor's Mailing Address:

>    1100 Hwy. 186
>    Raymondville, Texas 78580
>    Willacy, County

Trustee:  GRAHAM McCULLOUGH

Trustee's Mailing Address:

>    P. O. Box 2244
>    Harlingen, Texas 78551
>    Cameron, County

Property:

>    Lots Twenty-Two (22), Twenty-Three (23) and Twenty-Four
>    (24), Block Three (3), Park Terrace Addition to the
>    City of Raymondville, Willacy County, Texas, according
>    to Map thereof recorded in Volume 2, Page 3 of the Map
>    Records, Willacy County, Texas.

Prior Liens (including recording information):  NONE

Other Exceptions to Conveyance and Warranty:
    Easements, rights-of-way, and prescriptive rights, whether of
record or not; all presently recorded instruments, other than
liens and conveyances, that affect the property; taxes for the
current year, the payment of which Grantee assumes.

Construction:  Certain repairs, additions and improvements to the
property.

Completion Date:  September 5, 1999

Consideration

    Cash:     Ten and no/100 ($10.00) Dollars and other good and
valuable consideration.

EXHIBIT

Note:

      Date:     even date herewith

      Amount:   $23,850.00

      Maker:    HARRY J. CAVAZOS and wife, MINERVA CAVAZOS

      Payee:    LUIS MUNOZ, d/b/a/ MUNOZ ROOFING &
                  CONSTRUCTION

      Final Maturity Date:  as therein provided

      Terms of Payment: as therein provided

For the consideration, Contractor agrees to furnish the necessary materials and labor and to complete the construction on the property on or before the Completion Date in a good, workmanlike manner according to plans and specifications agreed on by Owner and Contractor.

To secure payment of the note, a mechanic's, artisan's, and materialman's lien on the property and on all improvements and fixtures on the property at any time is granted to Contractor.

To enforce the lien and to further secure payment of the note, Owner conveys the property to Trustee in trust and warrants and agrees to defend the title to the property. If Owner performs all the covenants and pays the note according to its terms, this conveyance shall become void and have no further effect, and at Owner's expense Contractor shall release the lien created by this contract.

Owner's Warranties and Rights

    1.    Owner owns the property in fee simple, subject only to the prior liens and other exceptions to conveyance and warranty.

    2.    If Owner and Contractor agree in writing to alter plans for the construction, on completion of the construction Owner will pay for all extra work done and material furnished as a result of the alterations, and that sum shall be a part of the consideration and the debt secured by this contract.

    3.    If Owner might become liable for a lien or claim for labor or materials furnished to Contractor and primarily chargeable to Contractor, Owner may retain from payments on the note an amount sufficient to completely indemnify Owner against the lien or claim.

    4.    Notwithstanding anything to the contrary in this contract, during progress of the construction and for thirty days after it is completed, Owner may retain the amount required by § 53.101 of the Texas Property Code.

    5.    If a loss occurs before the construction is completed and delivered to Owner, Owner may use any insurance proceeds to restore the destroyed or damaged property without affecting the lien created in this contract.

6.    OWNER MAY FURNISH  THE INSURANCE REQUIRED OF OWNER BY THIS  CONTRACT EITHER THROUGH  EXISTING POLICIES OWNED OR CONTROLLED  BY OWNER OR THROUGH EQUIVALENT COVERAGE  FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

Owner's Obligations

Owner agrees to:

1.    pay all taxes and assessments on the property when due;

2.    preserve the lien's priority as it is established in this contract;

3.    if this is not a first lien, pay all prior lien notes that Owner is personally liable to pay and abide by all prior lien instruments;

4.    if this contract is for improvements to the property, keep the property other than those improvements in good repair and condition during construction and keep all of the property in good repair and condition after the construction is completed;

5.    if this contract is for new construction, keep the property in good repair and condition after the construction is completed;

6.    except to the extent that Contractor is required to insure the construction during its progress, maintain an insurance policy that:

      a.    covers the property with all its improvements for its full insurable value as determined when the policy is issued and renewed, unless Contractor approves a smaller amount in writing;

      b.    contains an 80% coinsurance clause;

      c.    provides fire and extended coverage, including windstorm coverage;

      d.    protects Contractor with a standard mortgage clause;

      e.    provides flood insurance at any time the property is in a flood hazard area; and

      f.    contains such other coverage as Contractor may reasonably require;

7.    comply at all times with the requirements of the 80% coinsurance clause;

8.    deliver the insurance policy to Contractor and deliver renewals to Contractor at least ten days before expiration; and

9.    keep any buildings occupied as required by the insurance policy.

Contractor's Obligations

1.    Until the construction is completed and delivered to Owner, Contractor will insure the construction and all related materials against loss or damage by fire and the perils included in extended

coverage in an amount equal to the consideration. The policy will be payable to parties to this contract according to their respective interests. If Contractor does not provide this insurance, Contractor will bear any loss to the construction and materials.

2.      Contractor will neither make nor charge for any alterations in the construction described in the plans and specifications unless Contractor and Owner agree otherwise in writing. Any alterations made without a written agreement will be considered performed under the original contract at no additional charge.

3.      Contractor will pay all costs of construction, including labor, materials, and subcontractors, and will furnish Owner receipts for and releases from these costs.

4.      If any other lien claims are filed, Contractor will pay for their removal or else provide a statutory bond.

Contractor's Rights

1.      Contractor may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.

2.      After completion of the construction, Contractor may apply any proceeds received under the insurance policy required of Owner either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.

3.      If Owner fails to perform any of Owner's obligations other than that of providing insurance, Contractor may perform them and be reimbursed by Owner on demand at the place where the note is payable for any sums so paid, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this contract.

4.      If Owner is required to furnish insurance and fails to do so, Contractor may procure it and add the premium advanced by Contractor to the amount due under the note and may charge interest on the amount added from the time of its addition until it is paid, at a rate not in excess of the rate that the note would produce over its full term if each scheduled payment were paid on the date due.

5.      If Owner defaults in any payment on the note or if this lien is foreclosed, Owner will reimburse Contractor for reasonable fees paid to an attorney who is not an employee of Contractor for collection of payments or foreclosure of the lien. The sum to be reimbursed shall be secured by this contract.

6.      If Owner defaults on the note or fails to perform any of Owner's obligations, or if Contractor in good faith believes that the prospect of payment or performance is impaired, and the default or good-faith belief in impairment continues after Contractor gives Owner notice of the default or the basis for the belief in impairment and the time within which it must be cured, as may be required by law or by written agreement, then Contractor may:

    a.      declare the unpaid principal balance and earned interest on the note immediately due;

    b.      request Trustee to foreclose this lien, in which case Contractor or Contractor's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and

    c.      purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

**Trustee's Duties**

If requested by Contractor to foreclose this lien, Trustee shall:

1.    either personally  or by agent give notice of the  foreclosure sale as required  by the Texas Property Code as then amended;

2.    sell and  convey all or  part of the property  to the highest  bidder for cash with  a general warranty binding Owner, subject to prior liens and to other exceptions to conveyance and warranty; and

3.    from proceeds of the sale, pay, in this order:

a.    expenses of foreclosure, including a reasonable commission to Trustee;

b.    to Contractor,  the full amount of principal,  interest, attorney's fees, and other charges due and unpaid;

c.    any amounts required by law to be paid before payment to Owner; and

d.    to Owner, any balance.

**General Provisions**

1.    If the construction is  not completed as agreed between Owner and Contractor,  then the amount of the consideration subject to Contractor's lien will be diminished by the amount reasonably necessary to complete the construction as agreed.   If  Contractor is  not  the holder  of the note  in  this event,  the  holder may  complete  the construction, and the lien created in this contract will inure to the benefit of the holder.

2.    This contract is executed, acknowledged, and delivered before any labor has been performed  or any material has been delivered for the construction.

3.    If  any of  the  property is sold  under  this contract,  Owner shall  immediately surrender possession to the purchaser.  If  Owner fails to do so, Owner shall  become a  tenant at  sufferance of  the purchaser, subject to an action for forcible detainer.

4.    Recitals in any Trustee's deed conveying the property will be presumed to be true.

5.    The lien  created in this contract  shall remain superior to  liens later created  even if the time of payment of all or part of the note is extended or part of the property is released.

6.    If any portion  of the note cannot be  lawfully secured  by this contract,  payments will  be applied first to discharge that portion.

7.    Owner assigns to Contractor all sums payable to or received  by Owner from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages  caused by public works or construction on or near the  property. After deducting any expenses  incurred, including reasonable attorney's fees paid to an  attorney who is not an employee of Contractor,   Contractor may release any remaining  sums to Owner or apply them to reduce the note.   Contractor shall not be liable for failure to  collect or to exercise diligence in collecting any such sums.

8.    Proceeding under this contract, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

9.    Owner assigns to Contractor absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Owner warrants the validity and enforceability of the assignment. Owner may as Contractor's licensee collect rent and other income and receipts as long as Owner is not in default under the note or this contract. Owner will apply all rent and other income and receipts to payment of the note and performance of this contract, but if the rent and other income and receipts exceed the amount due under the note and contract, Owner may retain the excess. If Owner defaults in payment of the note or performance of this contract, Contractor may terminate Owner's license to collect and then as Owner's agent may rent the property if it is vacant and collect all rent and other income and receipts. Contractor neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Contractor may exercise Contractor's rights and remedies under this paragraph without taking possession of the property. Contractor shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Contractor's rights and remedies and then to Owner's obligations under the note and this contract in the order determined by Contractor. Contractor is not required to act under this paragraph, and acting under this paragraph does not waive any of Contractor's other rights or remedies. If Owner becomes a voluntary or involuntary bankrupt, Contractor's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

10.    Interest on the debt secured by this contract shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

11.    When the context requires, singular nouns and pronouns include the plural.

12.    The term note includes all sums secured by this contract.

13.    This contract shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

14.    If Owner and Maker are not the same person, the term Owner shall include Maker.

### NOTICE
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

IMPORTANT NOTICE: You and your contractor are responsible for meeting the terms and conditions of this contract. If you sign this contract and you fail to meet the terms and conditions of this contract, you may lose your legal ownership rights in your home. KNOW YOUR RIGHTS AND DUTIES UNDER THE LAW.

### NOTICE

YOU MAY, WITHIN 3 BUSINESS DAYS AFTER CLOSING, RESCIND THIS LOAN WITHOUT PENALTY OR CHARGE.

_[signature]_
HARRY J. CAVAZOS

_[signature]_
MINERVA CAVAZOS

_[signature]_
LUIS MUNOZ, d/b/a/ MUNOZ ROOFING &
CONSTRUCTION

## ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF CAMERON

This instrument was acknowledged before me on the _10th_ day
of March, 1999, by HARRY J. CAVAZOS AND MINERVA CAVAZOS.



_[signature]_
Notary Public, State of Texas

## ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF CAMERON

This instrument was acknowledged before me on the _10th_ day
of March, 1999, by LUIS MUNOZ, d/b/a/ MUNOZ ROOFING &
CONSTRUCTION.



_[signature]_
Notary Public, State of Texas

PREPARED IN THE OFFICE OF:
                              GRAHAM McCULLOUGH
                              Attorney at Law
                              P. O. Box 2244
                              Harlingen, Texas 78551

AFTER RECORDING RETURN TO:
                              MUNOZ ROOFING & CONSTRUCTION
                              1100 Hwy. 186
                              Raymondville, Texas 78580

Exhibit B

United States Bankruptcy Court
Southern District of Texas
FILED

SEP 1 1 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings Under |
| | ) | Chapter 7 |
| HARRY JOEL CAVAZOS, | ) | |
| MINERVA CAVAZOS, | ) | Case No. 00-20271-B-13 |
| | ) | |
|     Debtors. | ) | |
| -------------------------------------------------- | ) | |
| HARRY J. CAVAZOS and MINERVA | ) | |
| CAVAZOS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Adversary No. 00-2063-M |
| LUIS C. MUNOZ, Individually and a/b/a | ) | |
| MUNOZ ROOFING AND | ) | |
| CONSTRUCTION COMPANY, | ) | |
| | ) | |
|     Defendants. | ) | |

DEFENDANTS' ORIGINAL ANSWER TO
PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW LUIS C. MUNOZ, Individually and d/b/a MUNOZ ROOFING AND

CONSTRUCTION COMPANY, the Defendant in the above and foregoing action, and for

response to the Complaint filed by the Plaintiffs, Harry J. Cavazos and Minerva Cavazos ,

(hereinafter called "Debtors"), respectfully state to the Court as follows:

    1.    The Defendant, Luis C.Munoz, both individually and d/b/a Munoz Roofing

Company, (hereinafter called "Munoz") admits paragraph I of Debtors' Complaint.

    2.    To the extent that Debtors claim in paragraph II of Debtors' Complaint, that the that

the Debtors, Munoz and Debtors' mortgage company entered into an agreement dated September

12, 1998, that the price of the initial agreement (Exhibit "A" of Debtors' Complaint) was to be $23,850.00 and that it was to be a full and complete remodeling of Debtors' house, Munoz admits paragraph II. As to the balance of paragraph II of Debtors' Complaint, Munoz denies it and he affirmatively states that the Debtors frustrated the contract by causing extensive damage to their home after the contract was entered into, which caused Munoz to have to spend additional sums of money to repair the damages caused entirely by the Debtors.

     3.     Additionally, Munoz affirmatively states that Debtors and Debtors' mortgage company had agreed that upon the completion of the construction, Debtors would enter into a mortgage with Debtors' mortgage company which would allow Munoz to be paid for this project. In fact, the Debtors fell out of qualification for the mortgage on two occasions. Munoz personally brought Debtors back into qualification for the mortgage on the first occasion. The Debtors again fell out of qualification for the mortgage a second time and refused to come back into qualification for the mortgage, at which time the Debtors' mortgage company advised Munoz that he would not be paid by the mortgage company for any of the repair work. When Munoz proposed to Debtors that he would undertake the mortgage personally in order to complete the repair construction project, Debtors refused such an arrangement, and advised Munoz that he would not be paid for any repairs already made to Debtors' residence, or to be made in the future by Munoz. At this time, Munoz stopped work on Debtors' residence.

     4.     Munoz affirmatively states that after Debtors sent their letter of September 20, 1999, Debtors and Munoz met with their respective legal counsel, and as a result of that meeting, Debtors were to propose to Munoz payment of his bills incurred to date, and a guarantee of payment of any future work. This was to be done in two weeks following the meeting between the

parties, but Debtors never gave Munoz any payment or guarantee of payment. For this reason, Munoz refused to continue work and sought appropriate relief under his Mechanic's Lien Contract.

5. Munoz denies paragraphs III, IV, V, VI, VII, VIII, IX, X, XI, XII, and XIV of Debtors' Complaint.

5. Munoz can neither admit nor deny paragraph XIII of Debtors' Complaint.

6. Munoz affirmatively alleges that he has lost money and the time value of money in this case, in that the Debtors have never paid for any repairs to their residence, that Munoz had to repair the damages inflicted upon the Debtors' residence by the Debtors, such damages were inflicted on the home after the signing of the contract in this case, but before Munoz began work. Such damages were not a part of the contract, and had to be corrected by Munoz in order for Munoz to complete his work according to the contract between the parties.

7. Munoz affirmatively alleges that he has lost money and the time value of money in this case, in that the Debtors have never paid for any repairs to their residence, that Munoz began the work on the residence of Debtors in good faith, and has substantially completed the repairs on Debtors' residence, so that Debtors are now again able to reside in their residence. The value for Munoz services and materials for the repairs to date is $32,519.50. To prevent unjust enrichment by the Debtors in this case, Munoz should be paid $32,519.50.

8. In further response to Debtors' claim under the Texas Deceptive Practices Act, Munoz affirmatively states that Debtors have failed to provide Munoz the notice required under the Texas Deceptive Trade Practices Act, and cannot, at this time, proceed under said Act.

9. Munoz further affirmatively states that he has always been ready and willing to complete the contract entered into by Debtors and Munoz, but because Debtors have told Munoz

that he would not be paid for any of the work already completed, nor any work still to be completed, Munoz cannot proceed with the repair construction project without subjecting himself to severe economic loss.

WHEREFORE, PREMISES CONSIDERED, Luis C. Munoz prays this Court make and enter an order dismissing Debtors' Complaint at Debtors' costs, and for such further relief as may be just and equitable in the premises.

## LUIS C. MUNOZ' COUNTERCLAIM

COMES NOW LUIS C. MUNOZ, individually and d/b/a Munoz Roofing and Construction Company, and for counterclaim against Harry Joel Cavazos and Minerva Cavazos, respectfully states to the Court as follows:

10.    Luis C. Munoz realleges paragraphs 1, 2, 3, 4, 5, 6, 7, 8 and 9 of the foregoing Defendant's Original Answer to Plaintiff's Original Complaint, in this Counterclaim, as if fully set forth herein

11.    Because of the failure of Cavazos to pay for the labor and material Munoz provided to Cavazos in the repair project on Cavazos' home and because of Cavazos initiating a lawsuit against Munoz, Munoz has been forced to seek the services of an attorney in this matter.  Munoz is entitled to recover reasonable and necessary attorney fees under the Mechanic's Lien Contract.

WHEREFORE,  PREMISES CONSIDERED, Munoz prays this Honorable Court make and enter an order

A.    honoring the Mechanic's Lien Contract,

B. finding that Munoz is owed the sum of $32,519.50, plus interest at the rate

specified in the Mechanic's Lien Contract, which claim is secured by a lien upon the property of

the Debtors located at 847 West White, Ramondville, Willacy County, Texas,

C. granting attorneys fees,

D. granting such other and further relief as may be just and equitable in the premises.

Respectfully submitted,

Richard O. Habermann
308 North 15th Street
McAllen, Texas 78501
(956) 687-2920
FAX (956) 668-1923
Federal I.D. No. 9275
State Bar No. 08665530
ATTORNEY FOR LUIS C. MUNOZ and
MUNOZ ROOFING AND CONSTRUCTION
COMPANY

CERTIFICATE OF SERVICE

This is to certify that on this _8_ day of September, 2000, I placed an exact copy of the above and forgoing answer in the United States Post Office, inside of properly stamped envelopes, to the following persons:

Mr. Cesar A. Amador    Luis C. Munoz
LAW OFFICES OF     363 West Kimball
JOHN VENTURA, P.C.    Raymondville, Texas 78580
7 North Park Plaza
Brownsville, Texas 78521

Richard O. Habermann



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings Under |
| | ) | Chapter 13 |
| HARRY JOEL CAVAZOS, | ) | |
| MINERVA CAVAZOS, | ) | Case No. 00-20271-B-13 |
| | ) | |
| Debtors. | ) | |
| ———————————— | ) | |
| HARRY J. CAVAZOS and MINERVA | ) | |
| CAVAZOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Adversary No. 01-2101-B |
| LUIS MUNOZ, d/b/a MUNOZ | ) | |
| ROOFING AND CONSTRUCTION, | ) | |
| | ) | |
| Defendants. | ) | |

FILED
JUL 2 6 2001
10:25
S.V. "Chago" Fonseca, Dist. Clerk, Willacy Co.
By_____ Deputy

LUIS MUNOZ d/b/a MUNOZ ROOFING AND CONSTRUCTION'S
NOTICE AND APPLICATION OF REMOVAL

LUIS MUNOZ d/b/a MUNOZ ROOFING AND CONSTRUCTION COMPANY

(hereinafter called "Munoz"), Defendant in this action, files this Notice and Application of

Removal, removing this action to the United States Bankruptcy Court for the Southern District of

Texas, Brownsville Division, pursuant to provisions of 28 U.S.C. Section 1452 and Rule

9027(a)(1) of the Federal Rules of Bankruptcy.

1.    The Action.  By this Notice, Luis Munoz d/b/a Munoz Roofing and Construction

Company removes Cause Number 01-209, styled *HARRY CAVAZOS AND MINERVA CAVAZOS*

*vs. LUIS MUNOZ d/b/a MUNOZ ROOFING AND CONSTRUCTION*, a state court action

presently pending in the District Court of Willacy County, Texas, for the 357th Judicial District.

This action was filed June 15, 2001, and named Harry Cavazos and Minerva Cavazos as

Plaintiffs, and Luis Munoz d/b/a Munoz Roofing and Construction as Defendants. Removal is sought to the Brownsville Division of the United States Bankruptcy Court for the Southern District of Texas, where the action will be designated as an adversary proceeding in Bankruptcy No. 00-20271-B-13, *In Re: HARRY CAVAZOS AND MINERVA CAVAZOS*, the Chapter 13 Case in which Munoz is a creditor.

2.    Parties.  The Plaintiffs are Harry Cavazos and Minerva Cavazos, individuals who reside in Willacy County, Texas.  The Defendant is Luis Munoz d/b/a Munoz Roofing and Construction Company, an individual and his business which is all located in Willacy County, Texas.

3.    Jurisdiction.  Based on the subject matter of the State Court Action as described below in the Statement of Facts and the existence of Bankruptcy No. 00-20271-B-13, *In Re: HARRY CAVAZOS AND MINERVA CAVAZOS*, pending before this Bankruptcy Court, the State Court Action is a civil action which arises in a case under Title 11 and is related to a case under Title 11 (and also Adversary Case No. 00-2063-M, presently pending before this Court).  The federal bankruptcy court has jurisdiction to hear this adversary proceeding pursuant to the Order of Reference by the United States District Court for the Southern District of Texas.  This Notice of Removal is filed pursuant to the provisions of 28 U.S.C. Section 145 and Rules 7001 and 9027 of the Federal Rules of Bankruptcy.

4.    Venue.  This Notice of Removal is filed with the clerk for the district and division within which the federal bankruptcy court case in which Harry Cavazos and Minerva Cavazos are the Debtors and is pending.

5.    Statement of Facts.  Debtors have filed suit against Defendant claiming that the lien on the property of the Debtors, which the Debtors claim is their homestead, is invalid because it is

allegedly violative of Texas Homestead Laws. Debtors seek judgment against Munoz to invalidate

Munoz' lien. Consequently, judgment in this action will materially affect the reorganization of the

Debtors.

    6.    <u>Nature of Proceeding.</u> This adversary is a core proceeding under 28 U.S.C.

Section 157(b)(2)(K)&(O).

    7.    <u>Process of Pleadings.</u> In accordance with Bankruptcy Rule 9027 and Local

Bankruptcy Rule 9027, for the Southern District of Texas, attached hereto are true and correct

copies of the following:

    a.    Index of Matters Being Filed;
    b.    A copy of the docket sheet of the state court action;
    c.    All state court pleadings that assert causes of action and the motion to dismiss said pleadings;
    d.    A list of the names and addresses of all of the parties and designation of on whom service of process has been accomplished; and
    e.    A list of all counsel for every party, including their addresses, telephone numbers and whom they represent.

    8.    <u>Filing of Notice in Bankruptcy Court.</u> Promptly after filing this Notice of Removal,

Defendant will file a copy of it with the Clerk of the 357th Judicial District Court of Willacy

County, Texas.

                           Respectfully submitted,

                           Richard O. Habermann
                           308 North 15th Street
                           McAllen, Texas 78501
                           (956) 687-2920
                           FAX: (956) 668-1923
                           Federal I.D. No. 9275
                           State Bar No. 08665530

                  ATTORNEY FOR DEFENDANT MUNOZ

## CERTIFICATE OF SERVICE

This is to certify that on this _15_ day of July, 2001, I placed an exact copy of the above and forgoing Notice and Application for Removal in the United States Post Office, inside of properly stamped envelopes, to the following persons:

Mr. Abelardo Limon, Jr.
LAW OFFICES OF
JOHN VENTURA, P.C.
62 East Price Road
Brownsville, Texas 78521

Mr. Gerry Linan
LAW OFFICE OF GERRY LINAN
847 East Harrison
Brownsville, Texas 78520

Luis C. Munoz
363 West Kimball
Raymondville, Texas 78580

Ms. Cindy Boudloche
Chapter 13 Trustee
1508 American Bank Plaza
Corpus Christi, Texas 78475

_Richard O. Habermann_
Richard O. Habermann

IN THE UNITED STATES BANKRUPTCY COURT

United States Bankruptcy Court
Southern District of Texas
FILED

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

JUL 1 7 2001

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings Under |
| | ) | Chapter 13 |
| HARRY JOEL CAVAZOS, | ) | |
| MINERVA CAVAZOS, | ) | Case No. 00-20271-B-13 |
| | ) | |
| Debtors. | ) | |
| | ) | |
| HARRY J. CAVAZOS and MINERVA | ) | |
| CAVAZOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 01-2101 -B  11 |
| vs. | ) | |
| | ) | Adversary No. 01-_____ |
| LUIS MUNOZ, d/b/a MUNOZ | ) | |
| ROOFING AND CONSTRUCTION, | ) | |
| | ) | |
| Defendants. | ) | |

Michael N. Milby, Clerk of Court

## LUIS MUNOZ d/b/a MUNOZ ROOFING AND CONSTRUCTION'S
## NOTICE AND APPLICATION OF REMOVAL

LUIS MUNOZ d/b/a MUNOZ ROOFING AND CONSTRUCTION COMPANY

(hereinafter called "Munoz"), Defendant in this action, files this Notice and Application of

Removal, removing this action to the United States Bankruptcy Court for the Southern District of

Texas, Brownsville Division, pursuant to provisions of 28 U.S.C. Section 1452 and Rule

9027(a)(1) of the Federal Rules of Bankruptcy.

1.    The Action.  By this Notice, Luis Munoz d/b/a Munoz Roofing and Construction

Company removes Cause Number 01-209, styled *HARRY CAVAZOS AND MINERVA CAVAZOS*

*vs. LUIS MUNOZ d/b/a MUNOZ ROOFING AND CONSTRUCTION*, a state court action

presently pending in the District Court of Willacy County, Texas, for the 357th Judicial District.

# CIVIL DOCKET

Case No. ___ 01-209

© HART INFORMATION SERVICES, AUSTIN, TX • 800/223.HART ©

| Number of Case | NAMES OF PARTIES | ATTORNEYS | Kind of Action and Party Demanding Jury | DATE OF FILING | | | Jury No. |
|---|---|---|---|---|---|---|---|
| | | | | Month | Day | Year | |
| 1-209 | Harry Cavazos and Minerva Cavazos<br><br>VS<br><br>Luis Munoz, d/b/a Munoz Roofing and Construction | Gerry Lihan<br>847 East Harrison<br>Brownsville, Texas 78520    Pltf.<br>956-504-2425<br><br><br>Deff. | Motion to Release Lien | 6 | 15 | 01 | |
| | | | Jury Fee, $ | | | | |
| | | | Paid by | | | | |

## ORDERS OF COURT

| ORDERS OF COURT | Minute Book | | PROCESS |
|---|---|---|---|
| | Vol. | Page | |
| | | | Motion To Remover Lein<br>Filed 6-15-01<br>Citation Issued 6-18-01 |

DATE OF ORDERS — Day — Year

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings Under |
| | ) | Chapter 13 |
| HARRY JOEL CAVAZOS, | ) | |
| MINERVA CAVAZOS, | ) | Case No. 00-20271-B-13 |
| | ) | |
| Debtors. | ) | |
| HARRY J. CAVAZOS and MINERVA | ) | |
| CAVAZOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Adversary No. 01-_____ |
| LUIS MUNOZ, d/b/a MUNOZ | ) | |
| ROOFING AND CONSTRUCTION, | ) | |
| | ) | |
| Defendants. | ) | |

LIST OF PARTIES OF RECORD

Harry Cavazos
Minerva Cavazos                          Plaintiffs - No service necessary
847 West White
Raymondville, Texas 78580

Luis Munoz
363 West Kimball                         Defendant - Never served by Plaintiffs
Raymondville, Texas 78580

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings Under |
| | ) | Chapter 13 |
| HARRY JOEL CAVAZOS, | ) | |
| MINERVA CAVAZOS, | ) | Case No. 00-20271-B-13 |
| | ) | |
| Debtors. | ) | |
| HARRY J. CAVAZOS and MINERVA | ) | |
| CAVAZOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Adversary No. 01-_____ |
| LUIS MUNOZ, d/b/a MUNOZ | ) | |
| ROOFING AND CONSTRUCTION, | ) | |
| | ) | |
| Defendants. | ) | |

<u>LIST ALL COUNSEL OF RECORD</u>

Gerry Linan
LAW OFFICE OF GERRY LINAN
847 East Harrison
Brownsville, Texas 78520
ATTORNEY FOR PLAINTIFFS, HARRY J. CAVAZOS AND MINERVA CAVAZOS

Richard O. Habermann
Attorney at Law
308 North 15th Street
McAllen, Texas 78501
ATTORNEY FOR DEFENDANT, LUIS MUNOZ

Abelardo Limon, Jr.
LAW OFFICES OF JOHN VENTURA
62 East Price Road
Brownsville, Texas 78521
ATTORNEY FOR DEBTORS, HARRY J. CAVAZOS AND MINERVA CAVAZOS

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| N/ADV NO. 00-20271-B-13/01-2101-B | § |
| ESS: Larry D. Rogers | § |
| Joan White | § |
| Nieto Ventura | § |
| Enrique Rodriguez | § |
| Blas Cavazos | § |
| Ruben Perez | § |
| Humberto Rodriguez | § |
| Robert Perez | § |
| Raul Gonzalez | § |
| Leon Cisneros | § |
| Luis Munoz | § |

DEBTOR Harry & Minerva Cavazos

Harry Cavazos and Minerva Cavazos

VS

Luis Munoz and Munoz Roofing

JUDGE Richard S. Schmidt

CTRN STAFF

DATE 7 Aug 02 AT Brownsville, Texas

PARTY'S NAME Luis Munoz

ATTY'S NAME Richard O. Habermann

ATTY'S PHONE (956) 687-2920

NATURE OF PROCEEDING Trial

## EXHIBIT LIST

| NO | DESCRIPTION | NAR | OFF | OBJ | ADN | DAT | Disposition After Trial |
|---|---|---|---|---|---|---|---|
| A | Proposal for Repairs | | | | | | |
| B | Builder's and Mechanic's Lien Contract dated September 12, 1998 | | | | | | |
| C | Mechanic's Lien Note dated September 12, 1998 | | | | | | |
| D | Mechanic's Lien Contract dated March 5, 1999 and filed in Willacy County March 16, 1999 | | | | | | |
| E | Mechanic's Lien Note dated March 5, 1999 | | | | | | |
| F | Calculation of work done and extra work done by Munoz for Debtors | | | | | | |
| G | Copy of Proof of Claim filed in this Court March 20, 2000 by Munoz | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

(NOTE: This Exhibit List is to prepared in advance of the date of trial by counsel to parties and furnished to the Court in duplicate and served on opposing counsel

APPENDIX J

MUNOZ ROOFING & CONSTRUCTION
1100 Hwy. 186
Raymondville, Texas   78580
(210) 689-3591
Rep: Luis Munoz                              DATE: 1-1-98

               PROPOSAL FOR REPAIRS


Client: Mr & Mrs. Harry Cavazos
          W. White
        Raymondville, Texas 78580


Description & Cost of Items Needed:          Amount

1.  Exterior of Home
    A. Replace roof cover for entire home.
       1.) To include 250#r fiberglass shingles & 30# felt
    B. Include new decking.
       1.) 1/2" CDX plywood with proper clips.
    c. Comply with Windstorm requirement.
       1.) Hurricane clips on every rafter.
    D. Replace all facia with 1X6 cedar and 1X2 trim.
    E. Install R-19 insulation
       1.) Roll or Blown-in
    F. Replace all rotten rafters and rafter tips.
       1.) Also include additional bracing.
    G. Replace all siding on front section of home (South)
       and side section (West)- Living Room Area with new 105
       sections.
    H. Install two (2) new gable vents.
    I. Prime all siding and paint with two coats of ext.
       latex paint.


2.  Living Room
    A. Remove existing entrance door and replace with new
       door.
    B. Construct new steps for front entrance and a Front patio
       with Treaded Lumber.
    C. Remove all vinyl tile and repair all rotten flooring.
    D. Install layer of 1/4" underlayment and then cover
       with 3/32" vinyl tile with new base trim.
    E. Include addition with new 1/2 sheetrock, Tape, Floated
       and Textured.
    F. Strip all sheetrock from walls.
    G. Insulate walls with R-19 roll type.
    H. Install new 1/2" sheetrock. Taped, floated, and textured.
    I. Trim out windows and construct new window stool.
    J. Recondition walls and paint room.
                            Sub-Total--------------------


3.  Kitchen
    A. Strip flooring and replace all rotten sections.
    B. Install 1/4" underlayment and then cover with 3/3
    C. Provide extra support for joists and rails.


EXHIBIT

Propsal                                                      Page 2

    D. Construct a rangehood cabinet and install rangehood
       to be vented out.
    E. Remove all ceiling sheetrock and replace with new 1/2"
       tape, float, and accoustic.
    F. New cabinets made out of Oak.
    G. Recondition walls and paint.
      Make an addition of 16' Exten the kitchen.
    H. Built in Refrigerator & Pantry. Install counter 8'0 on
       West wall.
    I. Glass window on South wall. Cabinets made.
    J. Remove water Heater and install with extension.
    K. Remove A/C unit in Kitchen Pantry.
    L. Install washer & Dryer with Bi-Fold Doors.
               Sub-Total--------------------

4.  Den
    A. Sheetrock ceiling & walls/Tape & Float.


5.  Bedroom
    A. Replace door unit with hollow core type, all hardware
       and stain included.
    B. Install new closet door-Bi-fold type (Complete).
    C. Remove existing sheetrock on ceiling and replace
       with new. Taped, floated and accoustics.
    D. Repair rotten flooring and install new vinyl tile.
       (No underlayment for this room).
    E. Recondition walls and paint all room.
    F. Make an addition of 16' Complete.

               Sub-Total--------------------

6.  Living Room
    A. Sheetrock ceiling and walls. Center Entrance Door to where
       A/C unit is located. Eliminate Gas Lines. Eliminate west window-
       Eliminate South window.
               Sub-Total--------------------

7.  Hall
    A. Sheetrock, tape, float, and paint area.
    B. sheetrock ceiling and walls/Tape &Float.

               Sub-Total--------------------


8.  Bathroom
    A. Remove old Tube an Install new shower.


9.    A. Replace roofing for the House. To include gable type
       Structure which will connect with main home 2X6 on the new addition.
    B. Shingle will be used with a 30# felt underlayment. 1/2"
       decking will be used for roofing material.
    C. Insulation (R-19) will be placed in attic.
    D. Washer/Dryer connections will be installed for utility area.
    E. A closet will be constructed as per sketch withbi-fold
       doors.

    F. A new exterior door unit will be installed with
       new steps. (Complete).
    G. All rotten flooring will be replaced and new 1/4"
       underlayment will be installed.
    H. Vinyl tile will be installed with the proper base trim.
    I. Replace all rotten sheetrock. Tape, Float, and paint.

                   Sub-Total--------------------

10.    A. Finish Bedroom & Install entrance to B.R. on S.W. Corner
       Finish ceiling & sheetrock.
    B. Enclose Garage sheetrock and Tape & Float.
    C. Utility Room to be converted to bathroom & closet.

                   Sub-Total--------------------

11.    Electrical Work
    A. All wiring will be checked by licensed electrician.
    B. Faulty wiring will be replaced in all rooms.
    C. Additional outlets will be placed as per electrician
       recommendations.
    D. New light fixtures in following areas:
       1). Front door- Allowance 12.00
       2). Rear Door- Allowance 12.00
       3). Bedroom #1 & #2- Allowance 8.00
       4). Kitchen- Allowance 15.00
       5). Living Room- Allowance 18.00
       6). Hall- Allowance 6.00
    E. The balance of Electrical items needed will fall

                   Sub-Total--------------------

        Total Material & Labor $ 23.850.00 ___

_Luis C. Munoz_
Luis Munoz, Contractor                          Date

STATE OF TEXAS          ()

                       ()          KNOW ALL MEN BY THESE PRESENTS:

COUNTY OF WILLACY    ()


## BUILDER'S AND MECHANIC'S LIEN CONTRACT
### (with Power of Sale)
### BETWEEN

**Owner:** Harry J. Cavazos and wife, Minerva Cavazos.

**Contractor:** Luis C. Munoz d/b/a Munoz Roofing Company.

### OWNER AND CONTRACTOR AGREE AS FOLLOWS:

I.      Property.

Owner is the owner of the real estate described as:

Lots Numbers Twenty-two (22), Twenty-three (23), and Twenty-four (24), Block Number Three (3), PARK TERRACE SUBDIVISION, a resubdivision of the South 18.63 acres of Outlot "P", Townsite of Raymondville, Willacy County, Texas.

Owner warrants that Owner owns the Land in fee simple, free of liens or encumbrances other than the following: NONE

II.      Improvements.

Contractor agrees to supply all necessary labor and materials and to build, construct and complete the following improvements (Improvements) on the Land:

III.      Contract Price.

Owner agrees to pay Contractor the sum of $23,850.00 (Contract Price) for the construction of the Improvements. Payment of the Contract Price shall be made as follows:

Execution and delivery to Contractor of Owner's Promissory Note in the original principal amount of $23,850.00 dated the date of this contract, payable to the order of Contractor, and bearing interest at the rate of 12 per cent per annum, providing for attorney's fees and other costs of collection, and for acceleration of maturity on default thereunder (Note).

IV.      Plans and Specifications.

Owner has agreed to and has approved the plans and specifications presented by Contractor.

V.      Completion.

If the Contractor abandons for a period of ten days the construction of the Improvements, or shall fail for any reason to complete the Improvements, then the holder of the Note shall have the option, either personally or by agent, to take possession of the premises and complete the Improvements contemplated by this contract; and in such event the lien shall inure to the benefit of the holder of the Note in the same manner and to the same extent as though this contract had been completely performed by the Contractor.

VI.    Commencement.

This contract is executed, acknowledged and delivered, and the liens created hereunder before any labor has been performed and before any material has been furnished for the construction of the Improvements.

VII.    Lien.

Owner hereby grants a Builder's, Mechanic's, Materialman's and Laborer's Lien for the benefit of Contractor, Lender or other holder of the Note or Retail Installment Contract (hereinafter called Beneficiary) on the Land, and all Improvements, additions, materials, fixtures and appurtenances now thereon and hereafter placed thereon, and Owner, for the auxiliary and cumulative enforcement of the liens created hereunder, and for the further consideration, uses, purposes and trusts hereof, has Granted, Sold and Conveyed, and by these presents does Grant, Sell and Convey unto Roger Robinson, Trustee, of P.O. Box 898, Raymondville, Willacy County, Texas 78580, and his substitutes or successors, the Land and Improvements, and all buildings and other improvements, materials and fixtures of any kind or type now or hereafter erected, constructed or developed on the above-described land (such land and buildings and other improvements are hereafter collectively called the "Collateral"), and all rights, hereditaments and appurtenances in anywise appertaining or belonging to the Collateral.

VIII.    Obligation.

The liens granted hereunder and this conveyance in trust are granted and made to secure and enforce payment and performance of the Note or Retail Installment Contract and this contract, including interest on sums due under the Note or Retail Installment Contract and this contract, and all extensions, renewals and rearrangements thereof, and all additional amounts which may be advanced by Lender for additional work and material necessary for the completion of the Improvements (Obligation). In the event that Owner is indebted to Beneficiary for the payment of any debt (including any portion of the Obligation), however arising, which is not secured by liens on property consisting of Owner's homestead (Other Debt), Owner agrees that Beneficiary may at its option apply proceeds of Collateral not constituting Owner's homestead to the payment of Other Debt before application to that portion of the Obligation secured by Owner's homestead, and Owner waives any right it may have to require Beneficiary to resort to Non-homestead collateral in satisfaction of any or all of the Obligation, whether secured by the homestead or not.

IX.    Insurance.

Owner will at all times until the Obligation is paid in full, keep all insurable Collateral insured against the risks covered by policies of fire and extended coverage insurance and such other risks as Beneficiary may require, such insurance to be written in amounts and forms acceptable to Beneficiary, and by companies authorized to transact business in Texas, with loss made payable to the Beneficiary by standard mortgage clauses, providing written notice to Beneficiary at least ten (10) days prior to cancellation thereof, and will deliver the policies of insurance to Beneficiary promptly as issued. In

or otherwise, applying the same upon the Obligation in such order or manner as Beneficiary shall elect. If any loss shall occur at any time when Owner shall be in default hereunder, Beneficiary shall be entitled to the benefit of all insurance held by or for any Owner, to the same extent as if it had been made payable to Beneficiary. If any part of the Collateral is located within an area that has been, or should at any time be, designated as a special flood hazard area by any federal or state official authorized to make such designation pursuant to the National Flood Insurance Act of 1968, as amended, or pursuant to any national or state flood insurance program, Owner will carry flood insurance covering the Collateral in an amount not less than the lesser of (a) the maximum limit of insurance coverage then available with respect to the Collateral pursuant to any and all national and state flood insurance programs then in effect or (b) the amount of the Obligation, plus the outstanding principal and interest balance of any debt secured by a prior lien described in paragraph I above.

## X.   Taxes.

Owner will pay all taxes and assessments against or affecting the Collateral as the same shall become due and payable; provided, however, Owner may in good faith, in lieu of paying such taxes and assessments as they become due and payable, by appropriate proceedings contest the validity thereof; and provided that Owner shall pay such tax, assessment, penalties, interest and costs before any judgement therefor becomes final or any writ or order is or may be issued under which any of the Collateral may be sold. If Owner fails to make any such payment of taxes, assessment, penalties or interest, or in the event Owner contests the validity thereof, any costs of judgment, Beneficiary may pay them at Owner's expense.

## XI.   Disbursements by Beneficiary.

If Beneficiary shall pay out any money chargeable to Owner hereunder, Owner shall pay the same to Beneficiary on demand at the place where the Obligation is payable. The amount of each such payment shall be added to the Obligation and thereafter shall form a part of the same; and shall be secured hereunder to the extent provided in Paragraph VIII hereof, and by subrogation to all the rights of the person receiving such payment, including subrogation to all valid lien rights in the Collateral or any part thereof.

## XII.   Remedies.

If Owner defaults in payment of any of the Obligation when due or declared due, or in the timely performance of any covenant herein or in the Note or Retail Installment Contract, the Trustee, at the request of Beneficiary, may sell all or any portion of the Collateral, at public auction, to the highest bidder for cash at the County Courthouse in the County in Texas in which the above-described tract(s) of Land or any part thereof is situated, as herein described, between the hours of 10:00 o'clock A.M. and 4:00 o'clock P.M. on the first Tuesday of any month, in compliance with the requirements of Section 51.002, Texas Property Code, as then amended, after giving notice of the time, place and terms of said sale, and of the property to be sold as follows:

Notice of such proposed sale shall be given by filing with the County Clerk as required by Section 51.002, Texas Property Code, as then amended, and by posting written notice of the time, place and terms thereof at least twenty-one (21) days preceding the date of the sale at the courthouse door of the county in which the sale is to be made, and if the above-described tract(s) of Land to be sold is situated in more than one county, one notice shall be posted at the courthouse door of each county in which the said Land to be sold is situated and such notices shall designate the county where the Collateral will be sold. In addition, Beneficiary shall, at least twenty-one (21) days preceding the date

Owner hereby jointly and severally authorizes and empowers the Trustee to sell all or any portion of the Collateral, together or in lots or parcels, as the Trustee may deem expedient, and to execute and deliver to the purchaser or purchasers of such Collateral good and sufficient deeds of conveyance of fee simple title or of lesser estates, and bills of sale and assignments, with covenants of general warranty made on behalf of the Owner. In no event shall the Trustee be required to exhibit, present or display at any such sale any of the personalty comprising any of the Collateral to be sold at such sale. The Trustee making such sale shall receive the proceeds thereof and shall apply the same first to the remaining unpaid balance of the Obligation, in such order or manner as the Beneficiary shall elect and the residue, if any, shall be paid to the person or persons legally entitled thereto. Payment of the purchase price to the Trustee shall satisfy the liability of the purchaser at such sale therefor, and such persons shall not be bound to look after the application thereof.

If sale is made because of default in the payment of an installment, or a part of an installment, such sale may, at Beneficiary's election, be made subject to the unmatured part of the obligation, and it is agreed that such sale, if so made, shall not in any manner affect the unmatured part of the Obligation, but as to such unmatured part, this contract shall remain in full force and effect as though no sale had been made under the provisions of this paragraph. Several sales may be made hereunder without exhausting the right of sale for any unmatured part of the Obligation and without impairing the right and powers of sale provided elsewhere in this agreement. Beneficiary may bid and become the purchaser of all or any part of the Collateral at any trustee's or foreclosure sale hereunder.

## XIII.  Successor Trustee.

If the Trustee shall die or become disqualified from acting in the execution of this trust, or shall fail or refuse to execute the same when requested by Beneficiary to do so, or if for any reason, Beneficiary shall prefer to appoint a substitute Trustee to act instead of the Trustee named herein, Beneficiary shall have full power to appoint, by written instrument, a substitute Trustee and, at Beneficiary's election, several substitute Trustees in succession who shall succeed to all of the estate, rights, powers and duties of the original Trustee named herein.  Such appointment may be executed by any authorized agent of Beneficiary, and if Beneficiary is a corporation and such appointment is executed on its behalf by any officer of such corporation, such appointment shall be conclusively presumed to be executed with authority and shall be valid and sufficient without proof of any action by the board of directors or any superior officer of the corporation.

## XIV.   Prior Liens.

Owner expressly covenants and agrees to pay timely and prior to delinquency all installments of principal and interest on debt secured by the prior liens and encumbrances referred to in Paragraph I hereof and to perform and observe all covenants contained in any deed of trust or other instrument creating such lien or encumbrance.  It is agreed that any default under the terms and provisions of such deed of trust or other lien instrument shall constitute a default hereunder which shall entitle the Beneficiary, at its election but without obligation to do so, and without prior notice, to exercise any right or remedy provided herein or in the Note, including but not limited to the right to accelerate maturity of the Obligation or to request the Trustee to sell the  Collateral as provided in Paragraph XII hereof.  Should Land constitute Owner's residence, notice of default and right to cure shall be given as set forth in Section 51.002 of the Texas Property Code, as then amended.  In addition, the Beneficiary may, at its election, but without any obligation to do so, pay off and discharge any debt, or part thereof, secured by any prior lien, and upon payment thereof shall be subrogated to the liens and rights of the holder of such prior lien debt to the extent of the amount so paid.  All amounts so paid shall become a part of the Obligation and shall be secured by the lien of this contract, which shall

collect and retain the rents, but upon receipt from Beneficiary of notice that a default exists hereunder, each lessee is hereby directed to pay to Beneficiary rents thereafter accruing. Receipt by Beneficiary shall be a release of each lessee to the extent of amounts so paid. Beneficiary shall not be liable for its failure to collect or exercise diligence in the collection of rents, but shall be accountable only for rents actually received. Rents so received shall be applied by Beneficiary first to the remaining unpaid balance of the Obligation, in such order or manner as Beneficiary shall elect, and the residue, if any, shall be paid to the person or persons legally entitled thereto.

## XVI.  Transfer of the Land.

If all or any part of the Land or any interest in it is sold or transferred without Beneficiary's prior written consent, Beneficiary may, at its option, require immediate payment in full of all sums secured by this contract. However, this option shall not be exercised by Beneficiary if exercise is prohibited by federal law as of the date of this contract. If Beneficiary exercises this option, Beneficiary shall give Owner notice of acceleration. The notice shall provide a period of not less than thirty (30) days from the date the notice is delivered or mailed within which Owner must pay all sums secured by this contract. If Owner fails to pay these sums prior to the expiration of this period, Beneficiary may invoke any remedies permitted by this contract without further notice or demand on Owner.

## XVII.    Alterations and Extras.

No alterations shall be made in the work shown or described by any plans and specifications, nor shall any extra work or materials be charged or paid for, unless a separate estimate for such extra work is submitted in writing by Contractor to Borrower and agreed to in writing by them.

In no event shall any alterations or extras result in an extension of the completion date stated above. The additional amount to be paid for all extra work and materials so agreed to and furnished shall be a part of the indebtedness secured by the lien created by this Agreement. Lender, at its option without Obligation to do so, and subject to the execution of such additional loan documents as it might require, may advance all or part of such additional amount. If Lender elects not to advance such additional amount, Borrower shall pay Contractor in cash upon completion of such extra work and Contractor shall have a lien on the Property for the payment of such amount, which lien Contractor agrees shall be subordinate to the lien retained and transferred to Lender in this agreement. All extra work done or material furnished without such agreement shall be considered as performed under the original Agreement and no extra pay shall be demanded or allowed.

## XVIII.       Retainage.

During construction and for thirty (30) days after completion of construction, Borrower may retain or instruct Lender's designated escrow agent to retain ten percent (10%) of the contract price or ten percent (10%) of the value of the work performed by the Contractor. If Borrower elects not to retain funds for thirty (30) days, Borrower shall do so at the sole risk of Borrower.

THE BUYERS ACKNOWLEDGE RECEIPT OF A COPY OF THIS CONTRACT WITH ALL BLANKS COMPLETED.

IN TESTIMONY WHEREOF witness our hands this  12  day of  September, 1998.

**IMPORTANT NOTICE:** You and your contractor are responsible for meeting the terms and conditions of this contract. If you sign this contract and you fail to meet the terms and conditions of this contract, you may lose your legal ownership rights in your home. **KNOW YOUR RIGHTS AND DUTIES UNDER THE LAW.**

OWNER:

_____
Harry J. Cavazos

_____
Minerva Cavazos

CONTRACTOR:

_____
Luis C. Munoz d/b/a Munoz Roofing Co.

| | |
|---|---|
| THE STATE OF TEXAS | § |
| COUNTY OF WILLACY | § |

BEFORE ME, the undersigned authority personally appeared   HARRY J. CAVAZOS and MINERVA CAVAZOS, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _12th_ day of February, 1999.

YOLANDA G. GARZA
MY COMMISSION EXPIRES
May 4, 2002

_____
NOTARY PUBLIC, STATE OF TEXAS

| | |
|---|---|
| THE STATE OF TEXAS | § |
| COUNTY OF WILLACY | § |

BEFORE ME, the undersigned authority personally appeared   LUIS C. MUNOZ, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this _12_ day of February, 1999.

BUILDER'S AND MECHANIC'S
LIEN CONTRACT


HARRY J. CAVAZOS, ET UX,

TO

LUIS C. MUNOZ,
D/B/A MUNOZ ROOFING COMPANY

# COPY

## MECHANIC'S LIEN NOTE

Date:   September 12, 1998.

Maker:   Harry J. Cavazos and Minerva Cavazos.

Maker's Mailing Address: 847 W. White, Raymondville, Willacy County, Texas 78580.

Payee: Luis C. Munoz d/b/a Munoz Roofing Company.

Payee's Mailing Address:      363   W.   Kimball,   Raymondville,   Willacy   County,      Texas
78580.

County of Execution:  Willacy County, Texas.

Place for Payment:     363 W. Kimball, Raymondville, Willacy County, Texas 78580.

Principal Amount:      $23,850.00.

Annual Interest Rate on Unpaid Principal from Date of Funding:  Twelve per cent.

Annual Interest Rate on Matured, Unpaid Amounts: the maximum rate allowed by applicable law.

Terms of Payment (principal and interest):    on or before six months from the date hereof.

Security for Payment

        Liens Created in the Following Mechanic's Lien Contract      Between Maker and Payee or
Contractor

                Date:   September 12, 1998.

                Trustee:   Roger Robinson.

                Contractor:    Luis C. Munoz d/b/a Munoz Roofing Company.

                Property:

                Lots Numbers Twenty-two (22), Twenty-three (23), and Twenty-four (24),  Block
                Number Three (3), PARK TERRACE SUBDIVISION, a resubdivision of the South
                18.63 acres of Outlot "P", Townsite of Raymondville, Willacy County, Texas

        This note incorporates and is subject to the mechanic's lien contract.

        Maker promises to pay to the order of Payee at the place for payment and according to the
terms of payment the principal amount plus interest at the rates stated above.  All unpaid amounts
shall be due by the final scheduled payment date

        If Maker defaults in the payment of this note or in the performance of any obligation in any
instrument securing or collateral to it, and the default continues after Payee gives Maker notice of the
default and the time within which it must be cured, as may be required by law or by written
agreement, then Payee may declare the unpaid principal balance and earned interest on this note
immediately due.  Maker and each surety, endorser, and guarantor waive all demands for payment,
presentations for payment, notices of intention to accelerate maturity, notices of acceleration of
maturity, protests, and notices of protest, to the extent permitted by law

*Exhibit "C"*                           C:\1999\02N1\CAVA\NOTE.WPD

Maker may at any time make full or partial prepayments on the principal without paying any penalty, in addition to making regularly scheduled payments. Unless Payee agrees otherwise in writing, partial prepayments will not alter the dates or amounts of regularly scheduled payments. Payee may require that any partial prepayments be in the same amount as regularly scheduled payments.

If this note or any instrument securing or collateral to it is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Maker shall pay Payee all costs of collection and enforcement, including court costs and reasonable attorney's fees paid to an attorney who is not an employee of Payee, in addition to other amounts due. Reasonable attorney's fees shall be 10% of all amounts due unless either party pleads otherwise.

Interest on the debt evidenced by this note shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

Each Maker is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

## NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

Harry J. Cavazos, Maker

Minerva Cavazos, Maker

C:\1999\07\111\CAVANOTE.WPD

MECHANIC'S LIEN NOTE

Date:      March 5, 1999

Maker:     HARRY J. CAVAZOS and wife, MINERVA CAVAZOS

Maker's Mailing Address:

     847 West White
     Raymondville, Texas 78580
     Willacy County

Payee:    LUIS MUNOZ, d/b/a/ MUNOZ ROOFING & CONSTRUCTION

Payee's Mailing Address:

     1100 Hwy. 186
     Raymondville, Texas 78580
     Willacy, County

County of Execution:      Willacy

Place for Payment:

     1100 Hwy. 186
     Raymondville, Texas 78580

Principal Amount:    $23,850.00

Annual Interest Rate on Unpaid Principal from Date of Funding:
Zero (0%) Percent Per Annum;

Annual Interest Rate on Matured, Unpaid Amounts: The      maximum
rate allowable by law;

Terms of Payment (principal and interest):

Principal shall be due and payable on or before September 5,
1999;

Security for Payment

    Liens Created in the Following Mechanic's Lien Contract
    Between Maker and Payee or Contractor

        Date:     March 5, 1999

        Trustee:  GRAHAM McCULLOUGH

        Contractor:    LUIS MUNOZ, d/b/a/ MUNOZ ROOFING &
                   CONSTRUCTION

*Exhibit "E"*

Property:

Lots Twenty-Two (22), Twenty-Three (23) and Twenty-Four
(24), Block Three (3), Park Terrace Addition to the
City of Raymondville, Willacy County, Texas, according
to Map thereof recorded in Volume 2, Page 3 of the Map
Records, Willacy County, Texas.

This note incorporates and is subject to the mechanic's lien
contract.

Maker promises to pay to the order of Payee at the place for
payment and according to the terms of payment the principal
amount plus interest at the rates stated above. All unpaid
amounts shall be due by the final scheduled payment date.

If Maker defaults in the payment of this note or in the
performance of any obligation in any instrument securing or
collateral to it, and the default continues after Payee gives
Maker notice of the default and the time within which it must be
cured, as may be required by law or by written agreement, then
Payee may declare the unpaid principal balance and earned
interest on this note immediately due. Maker and each surety,
endorser, and guarantor waive all demands for payment,
presentations for payment, notices of intention to accelerate
maturity, notices of acceleration of maturity, protests, and
notices of protest, to the extent permitted by law.

Maker may at any time make full or partial prepayments on
the principal without paying any penalty, in addition to making
regularly scheduled payments. Unless Payee agrees otherwise in
writing, partial prepayments will not alter the dates or amounts
of regularly scheduled payments. Payee may require that any
partial prepayments be in the same amount as regularly scheduled
payments.

If this note or any instrument securing or collateral to it
is given to an attorney for collection or enforcement, or if suit
is brought for collection or enforcement, or if it is collected
or enforced through probate, bankruptcy, or other judicial
proceeding, then Maker shall pay Payee all costs of collection
and enforcement, including court costs and reasonable attorney's
fees paid to an attorney who is not an employee of Payee, in
addition to other amounts due. Reasonable attorney's fees shall
be 10% of all amounts due unless either party pleads otherwise.

Interest on the debt evidenced by this note shall not exceed
the maximum amount of nonusurious interest that may be contracted
for, taken, reserved, charged, or received under law; any
interest in excess of that maximum amount shall be credited on
the principal of the debt or, if that has been paid, refunded.
On any acceleration or required or permitted prepayment, any such
excess shall be canceled automatically as of the acceleration or
prepayment or, if already paid, credited on the principal of the

debt  or, if  the  principal of the debt  has been paid, refunded.
This provision overrides  other provisions in this and  all other
instruments concerning the debt.

Each Maker is responsible for all obligations represented by
this note.

When  the context  requires,    singular  nouns  and   pronouns
include the plural.


**NOTICE**

ANY  HOLDER OF  THIS CONSUMER CREDIT  CONTRACT IS  SUBJECT TO ALL
CLAIMS  AND DEFENSES  WHICH THE DEBTOR  COULD ASSERT  AGAINST THE
SELLER OF  GOODS OR SERVICES  OBTAINED WITH THE  PROCEEDS HEREOF.
RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY
THE DEBTOR HEREUNDER.



_____
HARRY J. CAVAZOS

_____
MINERVA CAVAZOS




PREPARED IN THE OFFICE OF:
                        GRAHAM McCULLOUGH
                        Attorney at Law
                        P. O. Box 2244
                        Harlingen, Texas 78551

# OFFICIAL RECORDS

## 277718

### MECHANIC'S LIEN CONTRACT

**Date:**    March 5, 1999

**Owner:**    HARRY J. CAVAZOS and wife, MINERVA CAVAZOS

**Owner's Mailing Address:**

> 847 West White
> Raymondville, Texas 78580
> Willacy County

**Contractor:**    LUIS MUNOZ, d/b/a/ MUNOZ ROOFING & CONSTRUCTION.

**Contractor's Mailing Address:**

> 1100 Hwy. 186
> Raymondville, Texas 78580
> Willacy, County

**Trustee:**  GRAHAM McCULLOUGH

**Trustee's Mailing Address:**

> P. O. Box 2244
> Harlingen, Texas 78551
> Cameron, County

**Property:**

> Lots Twenty-Two (22), Twenty-Three (23) and Twenty-Four (24), Block Three (3), Park Terrace Addition to the City of Raymondville, Willacy County, Texas, according to Map thereof recorded in Volume 2, Page 3 of the Map Records, Willacy County, Texas.

**Prior Liens (including recording information):**  NONE

**Other Exceptions to Conveyance and Warranty:**
Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property; taxes for the current year, the payment of which Grantee assumes.

**Construction:**  Certain repairs, additions and improvements to the property.

**Completion Date:**  September 5, 1999

**Consideration**

> Cash:    Ten and no/100 ($10.00) Dollars and **other** good and valuable consideration.

*Exhibit "D"*

Note:

> Date:        even date herewith
>
> Amount:      $23,850.00
>
> Maker:       HARRY J. CAVAZOS and wife, MINERVA CAVAZOS
>
> Payee:       LUIS MUNOZ, d/b/a/ MUNOZ ROOFING &
>              CONSTRUCTION
>
> Final Maturity Date:  as therein provided
>
> Terms of Payment:  as therein provided

For the consideration, Contractor agrees to furnish the necessary materials and labor and to complete the construction on the property on or before the Completion Date in a good, workmanlike manner according to plans and specifications agreed on by Owner and Contractor.

To secure payment of the note, a mechanic's, artisan's, and materialman's lien on the property and on all improvements and fixtures on the property at any time is granted to Contractor.

To enforce the lien and to further secure payment of the note, Owner conveys the property to Trustee in trust and warrants and agrees to defend the title to the property. If Owner performs all the covenants and pays the note according to its terms, this conveyance shall become void and have no further effect, and at Owner's expense Contractor shall release the lien created by this contract.

### Owner's Warranties and Rights

1. Owner owns the property in fee simple, subject only to the prior liens and other exceptions to conveyance and warranty.

2. If Owner and Contractor agree in writing to alter plans for the construction, on completion of the construction Owner will pay for all extra work done and material furnished as a result of the alterations, and that sum shall be a part of the consideration and the debt secured by this contract.

3. If Owner might become liable for a lien or claim for labor or materials furnished to Contractor and primarily chargeable to Contractor, Owner may retain from payments on the note an amount sufficient to completely indemnify Owner against the lien or claim.

4. Notwithstanding anything to the contrary in this contract, during progress of the construction and for thirty days after it is completed, Owner may retain the amount required by § 53.101 of the Texas Property Code.

5. If a loss occurs before the construction is completed and delivered to Owner, Owner may use any insurance proceeds to restore the destroyed or damaged property without affecting the lien created in this contract.

6.   OWNER MAY FURNISH THE INSURANCE REQUIRED OF OWNER BY THIS CONTRACT EITHER THROUGH EXISTING POLICIES OWNED OR CONTROLLED BY OWNER OR THROUGH EQUIVALENT COVERAGE FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

Owner's Obligations

Owner agrees to:

1.     pay all taxes and assessments on the property when due;

2.     preserve the lien's priority as it is established in this contract;

3.     if this is not a first lien, pay all prior lien notes that Owner is personally liable to pay and abide by all prior lien instruments;

4.     if this contract is for improvements to the property, keep the property other than those improvements in good repair and condition during construction and keep all of the property in good repair and condition after the construction is completed;

5.     if this contract is for new construction, keep the property in good repair and condition after the construction is completed;

6.     except to the extent that Contractor is required to insure the construction during its progress, maintain an insurance policy that:

        a.     covers the property with all its improvements for its full
               insurable value as determined when the policy is issued and
               renewed, unless Contractor approves a smaller amount in
               writing;

        b.     contains an 80% coinsurance clause;

        c.     provides fire and extended coverage, including windstorm
               coverage;

        d.     protects Contractor with a standard mortgage clause;

        e.     provides flood insurance at any time the property is in a
               flood hazard area; and

        f.     contains such other coverage as Contractor may reasonably
               require;

7.     comply at all times with the requirements of the 80% coinsurance clause;

8.     deliver the insurance policy to Contractor and deliver renewals to Contractor at least ten days before expiration; and

9.     keep any buildings occupied as required by the insurance policy.

Contractor's Obligations

        1.     Until the construction is completed and delivered to Owner, Contractor will insure the construction and all related materials against loss or damage by fire and the perils included in extended

coverage in an amount equal to the consideration. The policy will be payable to parties to this contract according to their respective interests. If Contractor does not provide this insurance, Contractor will bear any loss to the construction and materials.

2.     Contractor will neither make nor charge for any alterations in the construction described in the plans and specifications unless Contractor and Owner agree otherwise in writing. Any alterations made without a written agreement will be considered performed under the original contract at no additional charge.

3.     Contractor will pay all costs of construction, including labor, materials, and subcontractors, and will furnish Owner receipts for and releases from these costs.

4.     If any other lien claims are filed, Contractor will pay for their removal or else provide a statutory bond.

Contractor's Rights

1.     Contractor may appoint in writing a substitute or successor trustee, succeeding to all rights and responsibilities of Trustee.

2.     After completion of the construction, Contractor may apply any proceeds received under the insurance policy required of Owner either to reduce the note or to repair or replace damaged or destroyed improvements covered by the policy.

3.     If Owner fails to perform any of Owner's obligations other than that of providing insurance, Contractor may perform them and be reimbursed by Owner on demand at the place where the note is payable for any sums so paid, plus interest on those sums from the dates of payment at the rate stated in the note for matured, unpaid amounts. The sum to be reimbursed shall be secured by this contract.

4.     If Owner is required to furnish insurance and fails to do so, Contractor may procure it and add the premium advanced by Contractor to the amount due under the note and may charge interest on the amount added from the time of its addition until it is paid, at a rate not in excess of the rate that the note would produce over its full term if each scheduled payment were paid on the date due.

5.     If Owner defaults in any payment on the note or if this lien is foreclosed, Owner will reimburse Contractor for reasonable fees paid to an attorney who is not an employee of Contractor for collection of payments or foreclosure of the lien. The sum to be reimbursed shall be secured by this contract.

6.     If Owner defaults on the note or fails to perform any of Owner's obligations, or if Contractor in good faith believes that the prospect of payment or performance is impaired, and the default or good-faith belief in impairment continues after Contractor gives Owner notice of the default or the basis for the belief in impairment and the time within which it must be cured, as may be required by law or by written agreement, then Contractor may:

a.     declare the unpaid principal balance and earned interest on the note immediately due;

b.     request Trustee to foreclose this lien, in which case Contractor or Contractor's agent shall give notice of the foreclosure sale as provided by the Texas Property Code as then amended; and

c.     purchase the property at any foreclosure sale by offering the highest bid and then have the bid credited on the note.

VOL 687 PAGE 156

Trustee's Duties

If requested by Contractor to foreclose this lien, Trustee shall:

1.      either personally  or by agent give  notice of the   foreclosure sale as required  by the Texas Property Code as then amended;

2.      sell and  convey all or  part of the property  to the highest  bidder for cash with  a general warranty binding Owner, subject to prior liens and to other exceptions to conveyance and warranty; and

3.      from proceeds of the sale, pay, in this order:

a.      expenses of foreclosure, including a reasonable commission to Trustee;

b.      to Contractor,  the full amount of principal,  interest, attorney's fees, and other charges due and unpaid;

c.      any amounts required by law to be paid before payment to Owner; and

d.      to Owner, any balance.

General Provisions

1.      If the construction is  not completed as agreed between Owner and Contractor,  then the amount of the consideration subject to Contractor's lien will be diminished by the amount reasonably necessary to complete the construction as agreed.    If  Contractor is  not  the holder of the  note in  this event,  the holder may  complete the construction, and the lien created in this contract will inure to the benefit of the holder.

2.      This contract is executed, acknowledged, and delivered before any labor has been performed  or any material has been delivered for the construction.

3.      If  any of the  property is sold  under this contract,  Owner shall  immediately  surrender possession to the purchaser.  If  Owner fails  to do  so, Owner shall  become a  tenant at  sufferance of  the purchaser, subject to an action for forcible detainer.

4.      Recitals in any Trustee's deed conveying the property will be presumed to be true.

5.      The lien  created in this contract  shall remain superior to  liens later created  even if the time of payment of all or part of the note is extended or part of the property is released.

6.      If any portion  of the note  cannot be  lawfully secured  by this contract,  payments will  be applied first to discharge that portion.

7.      Owner assigns to Contractor all sums payable to or received by Owner from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages  caused by public works or construction on or near the  property. After deducting any expenses  incurred, including reasonable attorney's fees paid to an  attorney who is not an employee of Contractor,  Contractor may release any remaining  sums to Owner or apply them to reduce the note.   Contractor shall not be liable for failure to  collect or to exercise diligence in collecting any such sums.

8.      Proceeding under this contract, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

9.    Owner assigns to Contractor absolutely, not only as collateral, all present and future rent and other income and receipts from the property. Leases are not assigned. Owner warrants the validity and enforceability of the assignment. Owner may as Contractor's licensee collect rent and other income and receipts as long as Owner is not in default under the note or this contract. Owner will apply all rent and other income and receipts to payment of the note and performance of this contract, but if the rent and other income and receipts exceed the amount due under the note and contract, Owner may retain the excess. If Owner defaults in payment of the note or performance of this contract, Contractor may terminate Owner's license to collect and then as Owner's agent may rent the property if it is vacant and collect all rent and other income and receipts. Contractor neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the property. Contractor may exercise Contractor's rights and remedies under this paragraph without taking possession of the property. Contractor shall apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Contractor's rights and remedies and then to Owner's obligations under the note and this contract-in the order determined by Contractor. Contractor is not required to act under this paragraph, and acting under this paragraph does not waive any of Contractor's other rights or remedies. If Owner becomes a voluntary or involuntary bankrupt, Contractor's filing a proof of claim in bankruptcy will be tantamount to the appointment of a receiver under Texas law.

10.    Interest on the debt secured by this contract shall not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of that maximum amount shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this and all other instruments concerning the debt.

11.    When the context requires, singular nouns and pronouns include the plural.

12.    The term note includes all sums secured by this contract.

13.    This contract shall bind, inure to the benefit of, and be exercised by successors in interest of all parties.

14.    If Owner and Maker are not the same person, the term Owner shall include Maker.

NOTICE

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

IMPORTANT NOTICE:  You and your contractor are responsible for meeting the terms and conditions of this contract. If you sign this contract and you fail to meet the terms and conditions of this contract, you may lose your legal ownership rights in your home. KNOW YOUR RIGHTS AND DUTIES UNDER THE LAW.

NOTICE

YOU MAY, WITHIN 3 BUSINESS DAYS AFTER CLOSING, RESCIND THIS LOAN WITHOUT PENALTY OR CHARGE.

_____
HARRY J. CAVAZOS

_____
MINERVA CAVAZOS


_____
LUIS MUNOZ, d/b/a/ MUNOZ ROOFING & CONSTRUCTION


## ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF CAMERON

    This instrument was acknowledged before me on the _10th_ day of March, 1999, by HARRY J. CAVAZOS AND MINERVA CAVAZOS.



_____
Notary Public, State of Texas


## ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF CAMERON

    This instrument was acknowledged before me on the _10th_ day of March, 1999, by LUIS MUNOZ, d/b/a/ MUNOZ ROOFING & CONSTRUCTION.



_____
Notary Public, State of Texas


PREPARED IN THE OFFICE OF:
    GRAHAM McCULLOUGH
    Attorney at Law
    P. O. Box 2244
    Harlingen, Texas 78551

AFTER RECORDING RETURN TO:
    MUNOZ ROOFING & CONSTRUCTION
    1100 Hwy. 186
    Raymondville, Texas 78580

VOL 001 PAGE 100

277718

FILED FOR RECORD
AT 2:20 O'CLOCK ___ M

MAR 1 6 1999

TERRY FLORES, CLERK
COUNTY COURT, WILLACY COUNTY
TEXAS, BY _____ DEPUTY

$18.00

RETURN TO:
MUNOZ ROOFING & CONSTRUCTION
1100 HWY. 186
RAYMONDVILLE, TEXAS 78580

STATE OF TEXAS
COUNTY OF WILLACY
    I hereby certify that this instrument was FILED on the date and
at the time stamped hereon by me and was duly RECORDED in
the Volume and Page of the named RECORDS of Willacy County,
Texas as stamped hereon by me.

Compared        ———
Ind. Direct     ———
Ind. Reverse    ———

Terry Flores
County Clerk
Willacy County, Texas

Cavazos work done

Addition 16 x 30    $ 3,996.00
Roof    $ 6000.00
Siding    $ 4000.00
Insulation on walls $ 550.00
Inside dividers    $ 1000.00
sheetRock    $ 2000.00
Install sheetRock    $ 600.00
Tape F Text Texture $ 2000.00

$ 20,146.00
$ 13,469.00 Extra

$ 33,615.

To Complete the House it will Cost $ 6,385.00
                    Total            $ 40,000.00

Exhibit "F"

Cavazos  Extra work done

Extra  Replace all old Rafters with new 2x6 Rafters    # 4,565.50

Extra  Replace all old ceiling Joist  with  new 2x6 Ceiling Joist # 1,200

Extra  Replace old on Rafter 2x4 on walls                    # 1,200.00

Extra Kitchen  Install new ½" shedRock  tape float Texture    # 1,200

Extra  BedRoom  new shedRock on walls Tape float Texture # 1,200

Extra Bed Room  Exten the Closet  tape Float  Texture  #  400.00

Extra Bed Room  Built on wall  new ShedRock tape Float Texture # 400.00
        this wall divide the BathRoom.

Extra BathRoom  Extra Wiring on the new Addition    #160

Extra Phone wire                                  # 150

Extra TV Wire                                      # 150

Extra one door  an door                          # 150

Extra Three windows and labor           # 500

Extra new Plumbing on the Entire House    # 2,200

                                        # 13,469

## United States Bankruptcy Court

**PROOF OF CLAIM**

| Name of Debtor | **Harry Joel Cavazos Minerva Cavazos** | Case Number | **00-20271-B-13** |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**Luis C. Munoz**
**Munoz Roofing Co.**

Name and address where notices should be sent:

**829 West White**
**Raymondville, Texas  78580**

Telephone number: **(956) 689-3591**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case

☐ Check box if the address differs from the address on the envelope sent to you by the court.

United States Bankruptcy Court
Southern District of Texas    KT
FILED

MAR 20 2000

Michael N. Milby, Clerk of Court

This space is for Court Use Only

Account or other number by which creditor identifies debtor:

Check here
if this claim ☐ replaces ☐ amends    a previously filed claim, dated: _____

**1. Basis for Claim**
☒ Goods sold
☒ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (Fill out below)

Your SS#: _____ - _____ - _____

Unpaid compensation for services performed

from _____ to _____
       (date)              (date)

**2. Date debt was incurred:** March 5, 1999

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed:**    $_____
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☒ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☒ Real Estate  ☐ Motor Vehicle
☐ Other_____

Value of Collateral: $ 32,519.50

Amount of arrearage and other charges at time case filed included in secured claim, if any $ _____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $_____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,300),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3)
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a-___).
*Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is for Court Use Only

*Exhibit "G"*

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
| 3/17/2000 | Luis C. Munoz    *Luis C Munoz* |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

# OFFICIAL RECORDS

VOL 087 PAGE 152

## 277718

### MECHANIC'S LIEN CONTRACT

Date:     March 5, 1999

Owner:    HARRY J. CAVAZOS and wife, MINERVA CAVAZOS

Owner's Mailing Address:

> 847 West White
> Raymondville, Texas 78580
> Willacy County

Contractor:    LUIS MUNOZ, d/b/a/ MUNOZ ROOFING & CONSTRUCTION

Contractor's Mailing Address:

> 1100 Hwy. 186
> Raymondville, Texas 78580
> Willacy, County

Trustee:  GRAHAM McCULLOUGH

Trustee's Mailing Address:

> P. O. Box 2244
> Harlingen, Texas 78551
> Cameron, County

Property:

> Lots Twenty-Two (22), Twenty-Three (23) and Twenty-Four
> (24), Block Three (3), Park Terrace Addition to the
> City of Raymondville, Willacy County, Texas, according
> to Map thereof recorded in Volume 2, Page 3 of the Map
> Records, Willacy County, Texas.

Prior Liens (including recording information):  NONE

Other Exceptions to Conveyance and Warranty:
Easements, rights-of-way, and prescriptive rights, whether of
record or not; all presently recorded instruments, other than
liens and conveyances, that affect the property; taxes for the
current year, the payment of which Grantee assumes.

Construction: Certain repairs, additions and improvements to the
property.

Completion Date:  September 5, 1999

Consideration

> Cash:    Ten and no/100 ($10.00) Dollars and other good and
valuable consideration.

6.    OWNER MAY FURNISH THE INSURANCE REQUIRED OF OWNER BY THIS CONTRACT EITHER THROUGH EXISTING POLICIES OWNED OR CONTROLLED BY OWNER OR THROUGH EQUIVALENT COVERAGE FROM ANY INSURANCE COMPANY AUTHORIZED TO TRANSACT BUSINESS IN TEXAS.

**Owner's Obligations**

Owner agrees to:

1.    pay all taxes and assessments on the property when due;

2.    preserve the lien's priority as it is established in this contract;

3.    if this is not a first lien, pay all prior lien notes that Owner is personally liable to pay and abide by all prior lien instruments;

4.    if this contract is for improvements to the property, keep the property other than those improvements in good repair and condition during construction and keep all of the property in good repair and condition after the construction is completed;

5.    if this contract is for new construction, keep the property in good repair and condition after the construction is completed;

6.    except to the extent that Contractor is required to insure the construction during its progress, maintain an insurance policy that:

    a.    covers the property with all its improvements for its full insurable value as determined when the policy is issued and renewed, unless Contractor approves a smaller amount in writing;

    b.    contains an 80% coinsurance clause;

    c.    provides fire and extended coverage, including windstorm coverage;

    d.    protects Contractor with a standard mortgage clause;

    e.    provides flood insurance at any time the property is in a flood hazard area; and

    f.    contains such other coverage as Contractor may reasonably require;

7.    comply at all times with the requirements of the 80% coinsurance clause;

8.    deliver the insurance policy to Contractor and deliver renewals to Contractor at least ten days before expiration; and

9.    keep any buildings occupied as required by the insurance policy.

**Contractor's Obligations**

1.    Until the construction is completed and delivered to Owner, Contractor will insure the construction and all related materials against loss or damage by fire and the perils included in extended

VOL 687 PAGE 158

**Trustee's Duties**

     If requested by Contractor to foreclose this lien, Trustee shall:

     1.    either personally  or by agent give  notice of the  foreclosure sale as required  by the Texas Property Code as then amended;

     2.    sell and  convey all or  part of the property  to the highest  bidder for cash with  a general warranty binding Owner, subject to prior liens and to other exceptions to conveyance and warranty; and

     3.    from proceeds of the sale, pay, in this order:

     a.    expenses of foreclosure, including a reasonable commission to Trustee;

     b.    to Contractor,  the full amount of principal,  interest, attorney's fees, and other charges due and unpaid;

     c.    any amounts required by law to be paid before payment to Owner; and

     d.    to Owner, any balance.

**General Provisions**

     1.    If the construction is  not completed as agreed between Owner and Contractor,  then the amount of the consideration subject to Contractor's lien will be diminished by the amount reasonably necessary to complete the construction as agreed.   If  Contractor is  not  the holder  of the  note  in  this event,  the  holder may  complete the construction, and the lien created in this contract will inure to the benefit of the holder.

     2.    This contract is executed, acknowledged, and delivered before any labor has been performed  or any material has been delivered for the construction.

     3.    If any of  the  property is sold  under  this contract,  Owner shall  immediately  surrender possession to the purchaser.  If  Owner fails  to do so, Owner shall  become a  tenant at  sufferance of  the purchaser, subject to an action for forcible detainer.

     4.    Recitals in any Trustee's deed conveying the property will be presumed to be true.

     5.    The lien  created in this contract  shall remain superior to  liens later created  even if the time of payment of all or part of the note is extended or part of the property is released.

     6.    If any portion  of the note  cannot be  lawfully secured  by this contract,  payments will  be applied first to discharge that portion.

     7.    Owner assigns to Contractor all sums payable to or received  by Owner from condemnation of all or part of the property, from private sale in lieu of condemnation, and from damages  caused by public works or construction on or near the  property. After deducting any expenses  incurred, including reasonable attorney's fees paid to an  attorney who is not an employee of Contractor,   Contractor may release any remaining  sums to Owner or apply them to reduce the note.   Contractor shall not be liable for failure to  collect or to exercise diligence in collecting any such sums.

     8.    Proceeding under this contract, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

_____
HARRY J. CAVAZOS

_____
MINERVA CAVAZOS


_____
LUIS MUNOZ, d/b/a/ MUÑOZ ROOFING &
CONSTRUCTION


## ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF CAMERON

This instrument was acknowledged before me on the _10 tʰ_ day
of March, 1999, by HARRY J. CAVAZOS AND MINERVA CAVAZOS.



Notary Public, State of Texas


## ACKNOWLEDGMENT

STATE OF TEXAS
COUNTY OF CAMERON

This instrument was acknowledged before me on the _10 tʰ_ day
of March, 1999, by LUIS MUNOZ, d/b/a/ MUNOZ ROOFING &
CONSTRUCTION.



Notary Public, State of Texas


PREPARED IN THE OFFICE OF:

       GRAHAM McCULLOUGH
       Attorney at Law
       P. O. Box 2244
       Harlingen, Texas 78551

AFTER RECORDING RETURN TO:

       MUNOZ ROOFING & CONSTRUCTION
       1100 Hwy. 186
       Raymondville, Texas 78580

# COPY   MECHANIC'S LIEN NOTE

Date:   September 12, 1998.

Maker:   Harry J. Cavazos and Minerva Cavazos.

Maker's Mailing Address: 847 W. White, Raymondville, Willacy County, Texas 78580.

Payee: Luis C. Munoz d/b/a Munoz Roofing Company.

Payee's Mailing Address:   363  W.  Kimball,  Raymondville,  Willacy  County,   Texas 78580.

County of Execution: Willacy County, Texas.

Place for Payment:   363 W. Kimball, Raymondville, Willacy County, Texas 78580.

Principal Amount:   $23,850.00.

Annual Interest Rate on Unpaid Principal from Date of Funding: Twelve per cent.

Annual Interest Rate on Matured, Unpaid Amounts: the maximum rate allowed by applicable law.

Terms of Payment (principal and interest):   on or before six months from the date hereof.

Security for Payment

Liens Created in the Following Mechanic's Lien Contract    Between Maker and Payee or Contractor

Date:   September 12, 1998.

Trustee:   Roger Robinson.

Contractor:    Luis C. Munoz d/b/a Munoz Roofing Company.

Property:

Lots Numbers Twenty-two (22), Twenty-three (23), and Twenty-four (24), Block Number Three (3), PARK TERRACE SUBDIVISION, a resubdivision of the South 18.63 acres of Outlot "P", Townsite of Raymondville, Willacy County, Texas

This note incorporates and is subject to the mechanic's lien contract.

Maker promises to pay to the order of Payee at the place for payment and according to the terms of payment the principal amount plus interest at the rates stated above. All unpaid amounts shall be due by the final scheduled payment date.

If Maker defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to it, and the default continues after Payee gives Maker notice of the default and the time within which it must be cured, as may be required by law or by written agreement, then Payee may declare the unpaid principal balance and earned interest on this note immediately due. Maker and each surety, endorser, and guarantor waive all demands for payment, presentations for payment, notices of intention to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law

1                    C:\1999\02\11\CAVANOTE.WPD

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HARRY JOEL CAVAZOS AND | § | CASE NO. 00-20271-B-13 |
| MINERVA CAVAZOS, | § | CHAPTER 13 |
| | § | |
| DEBTORS | § | |

## PROOF OF MAILING

I, the undersigned, hereby certify that I am and at all times was over the age of eighteen (18) years; that on the 17th day of March, 2000, I served a copy of Luis C. Munoz dba Munoz Roofing Co.'s Proof of Claim in the amount of $32,519.50 upon the following by Certified Mail, Return Receipt Requested and by first class mail:

John P. Ventura, Law Office of John P. Ventura, 7 North Park Plaza, Brownsville, Texas 78521;

Cindy Boudloche, 711 North Carancahua #1508, Corpus Christi, Texas 78475;

Mr. Harry Joel Cavazos, 847 West White, Raymondville, Texas 78580;

Mrs. Minerva Cavazos, 847 West White, Raymondville, Texas 78580;

and I certify that it is true and correct.

Respectfully submitted,

BONNER & BONNER
Post Office Box 288
Harlingen, Texas 78551
Telephone: (956) 423-9152
Telecopier: (956) 428-0671

By
Curtis Bonner
State Bar No. 02611000

# 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO. 00-20271-B-13 |
| HARRY JOEL CAVAZOS | § | (Chapter 13) |
| MINERVA CAVAZOS | § | |
| | § | |
| Debtors | § | |
| _____ | § | |
| | § | |
| HARRY J. CAVAZOS and MINERVA | § | |
| CAVAZOS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| LUIS MUNOZ, d/b/a MUNOZ | § | ADVERSARY CASE NO. 01-2101-B |
| ROOFING AND CONSTRUCTION, | § | |
| | § | |
| Defendants. | | |

FINDINGS OF FACT AND CONCLUSIONS OF LAW

On this day came on for consideration the trial of the above-captioned Advisory Proceeding. The Court, having heard the evidence and arguments of counsel, makes the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

1.    The property upon which Defendant claims a secured lien is Plaintiffs' homestead property, and a dwelling existed on the real property in which the Plaintiffs resided prior to January 1, 1998.

2.    At Plaintiffs' request, the Defendant prepared a proposal for improvements to Plaintiffs' existing dwelling on or about January 1, 1998.

-1-

3.  Plaintiffs accepted the proposal and subsequently sought a mortgage to pay for the proposed improvements.

4.  Plaintiffs applied for a mortgage from the Rio Grande Mortgage Company, Harlingen, Texas, which approved the mortgage in September, 1998.

5.  After September, 1998, the Plaintiffs began renovations of their home by removing wall boards and roof joists without the consent of the Defendant or any of Defendant's crew. The renovations caused the Defendant to perform extra work in order to comply with the requirements of the Rio Grande Mortgage Company.

6.  A proposed Builder's and Mechanic's Lien Contract and a Mechanic's Lien Note were prepared on or about September 12, 1998, but were not signed until February 12, 1999. The documents were never recorded.

7.  A Building Permit was issued on January 5, 1999.

8.  A second Mechanic's Lien Note and Mechanic's Lien Contract were prepared on or about March 5, 1999, and were signed by all parties on or about March 10, 1999. The Mechanic's Lien Contract contains the following language in boldface: **"YOU MAY, WITHIN 3 BUSINESS DAYS AFTER CLOSING, RESCIND THIS LOAN WITHOUT PENALTY OR CHARGE."**

9.  The second Mechanic's Lien Note and Mechanic's Lien Contract were signed by both Plaintiffs (husband and wife) in the office of Rio Grande Valley Abstract Company, Inc., and were recorded on or about March 16, 1999.

10. At the time of the signing of the documents on March 10, 1999, the parties represented to the President of Rio Grande Abstract Company, Inc. that no construction had begun.

-2-

11. No contraction was begun on this project by Defendant and/or his crew until after March 16, 1999.

12. The Defendant carried the financing of the construction under the Mechanic's Lien Note and Mechanic's Lien Contract and agreed to do so until the project was completed, at which time the Rio Grande Mortgage Company would fund the mortgage and pay Defendant for his work.

13. Construction continued until September, 1999, when the Plaintiffs terminated the mortgage application and refused to pay the Defendant for the work completed or to be completed, at which time the construction stopped.

14. Defendant did not file a lien affidavit after the indebtedness accrued.

CONCLUSIONS OF LAW

1. The real property in question is the homestead of the Plaintiffs.

2. Article XVI, Section 50(a) of the Texas Constitution controls the validity of any lien to be placed upon any Texas homestead.

3. Subsection 5 of Article XVI, Section 50(a) of the Texas Constitution states that "the homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for:

(5) Work and material used in constructing new improvements thereon, if contracted for in writing, or work and material used to repair or renovate existing improvements thereon if:
(A) the work and material are contracted for in writing, with the consent of both spouses, in the case of a family homestead, given in the same manner as if required in making a sale and conveyance of the homestead;
(B) the contract for the work and material is not executed by the owner or the owner's spouse before the 12th day after the owner makes written application for any extension of credit for the work and material, unless the work and material

-3-

are necessary to complete immediate repairs to conditions on the homestead property that materially affect the health or safety of the owner or person residing in the homestead and the owner of the homestead acknowledges such in writing; (C) the contract for the work and material expressly provides that the owner may rescind the contract without penalty or charge within three days after the execution of the contract by all parties, unless the work and material are necessary to complete immediate repairs to conditions on the homestead property that materially affect the health and safety of the owner or person residing in the homestead and the owner of the homestead acknowledges such in writing; and (D) the contract for the work and material is executed by the owner and the owner's spouse only at the office of a third party lender making an extension of credit for the work and material, an attorney at law, or a title company.

4.   Section 41.001(b) of the Texas Property Code states that encumbrances may be properly fixed on homestead property "...(3) for work and material used in contracting improvements on the property if contracted for in writing as provided by Section 53.254(a), (b), and (c);" of the Texas Property Code.

5.   Section 53.254 of the Texas Property Code states as follows:

"(a) To fix a lien on a homestead, the person who is to furnish material or perform labor and the owner must execute a written contract setting forth the terms of the agreement.

"(b) The contract must be executed before the material is furnished or the labor performed.

"(c) If the owner is married, the contract must be signed by both spouses."

6.   The "renovations" performed by the Plaintiffs created extra work for the Defendants which were required to be performed, and therefore, the cost of the extra work is the responsibility of the Plaintiffs.  *Turbeville vs. Book*, 226 S.W.814 (Tex.Civ.App.- -El Paso 1920,  writ dism w o j.).

-4-

7.    The Defendant complied with the Texas Constitution and all applicable provisions of the

Texas Property Code.

8.    Section 53.052 of the Texas Property Code states as follows:

(a) Except as provided by Subsection (b), the person claiming the lien must file an
affidavit with the county clerk of the county in which the property is located . . . not later
than the 15ᵗʰ day of the fourth calendar month after the day on which the indebtedness
accrues.
(b) A person claiming a lien arising from a residential construction project must file an
affidavit with the county clerk of the county in which the property is located not later
than the 15ᵗʰ day of the third calendar month after the day on which the indebtedness
accrues.

9.    For the purpose of Section 53.052, an indebtedness accrues on the last day of the month

in which a written declaration by the original contractor or the owner is received by the

other party to the original contract stating that the original contract has been terminated,

or on the last day of the month in which the original contract is completed, finally settled,

or abandoned. Section 53.053(b), Texas Property Code.

10.    To perfect a lien, a person must comply with both § 53.052 and 53.254.  *CVN Group,*

*Inc. v. Delgado*, 47 S.W.3d 157, 166 (Tex.App.–Austin 2001, review granted).

11.    Defendant did not comply with section 53.052 of the Texas Property Code because no

lien affidavit was filed by Defendant.  Accordingly the lien is not valid.

## CONCLUSION

For the reasons set forth above, the Court finds that Luis Munoz failed properly to perfect

his lien on the Cavazos' homestead.  Counsel for the Cavazos shall prepare a judgment and

submit it within 10 days from the date of entry below.

Dated this 26th day of November, 2002.

Richard S. Schmidt
United States Bankruptcy Judge

# 6

Ordered in Chambers in Corpus Christi, Texas on this the
_____ day of **JAN 1 5 2003**_____, 2002

BY: _____
     RICHARD S. SCHMIDT
     UNITED STATES BANKRUPTCY JUDGE

2