IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
JUL 2 5 2003
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE: | )( | |
| | )( | |
| HARRY JOEL CAVAZOS | )( | CASE NO. B-03-CV-057 |
| MINERVA CAVAZOS | )( | (Chapter 13) |
| | )( | |
| Debtors, | )( | |
| | | |
| HARRY J. CAVAZOS and MINERVA | )( | |
| CAVAZOS, | )( | |
| | )( | On Appeal From the |
| Plaintiffs/Appellees, | )( | U. S. Bankruptcy Cort |
| | )( | Case No. 00-20271-B-13 |
| vs. | )( | Adversary Case No. 01-2101-B |
| | )( | |
| LUIS MUNOZ d/b/a MUNOZ | )( | |
| ROOFING AND CONSTRUCTION, | )( | |
| | )( | |
| Defendants/Appellants. | )( | |

## APPELLANT'S BRIEF

### I.
### JURISDICTION

This case was filed as an Adversary Case in the United States Bankruptcy Court for the Southern District of Texas. The Plaintiffs/Appellees in the case were Debtors in a Chapter 13 Bankruptcy then pending before the United States Bankruptcy Court for the Southern District of Texas, Brownsville Division. Defendant/Appellant was properly served and filed an Answer. After time, the case was tried before the United States Bankruptcy Court, and the Court made a decision. The Judgment was entered on Wednesday, January 15, 2003, and the Notice of Appeal was timely filed on Monday, January 27, 2003. The Defendant/Appellant filed his Designation of Record on Appeal and provided copies of the documents for submission before this Court.

II.

## FACTS

The Plaintiffs/Appellees talked with the Defendant/Appellant about making improvements to their home late in1997. Because of that conversation, the Defendant/Appellant prepared and gave to Plaintiffs/Appellees a proposal for making improvements to the Plaintiffs/Appellees' home on or about January 1, 1998. The proposal was not immediately accepted by the Plaintiffs/Appellees, but was eventually accepted, and the Plaintiffs/Appellees sought a mortgage to allow the improvements to be made. The mortgage was sought from Rio Grande Mortgage Company, Harlingen, Texas.

The mortgage was approved by Rio Grande Mortgage Company in September, 1998. A proposed Builder's and Mechanic's Lien Contract was prepared, dated September 12. 1998, and a Mechanic's Lien Note was also prepared, dated September 12, 1998. These documents were not signed until February 12, 1999, and the Builder's and Mechanic's Lien Contract was never recorded.

A Building Permit was issued by the City of Raymondville, Texas on or about January 5, 1999.

A second Mechanic's Lien Note was prepared and dated March 5, 1999, and a Mechanic's Lien Contract was prepared and also dated March 5, 1999. Both documents were signed in the Office of Rio Grande Valley Abstract Company, Inc. on or about March 10, 1999. The Mechanic's Lien Contract was filed in Willacy County on or about March 16, 1999. At the time of the signing of the documents, was represented to Ms. Joan White, the President of Rio Grande Valley Abstract Company, Inc. that no construction had yet begun.

The Court found that the Defendant/Appellant did not begin any work until after March 16, 1999.

The Defendant/Appellant worked on the Plaintiffs/Appellees' home until approximately September, 1999, when the Plaintiffs/Appellees cancelled the mortgage application in the hands of

the Rio Grande Mortgage Company, and then refused to either pay for or make arrangements for the payment of the work being performed by Defendant/Appellant. Defendant/Appellant was left with no alternative but to stop work as he had been carrying the note during the construction. His bill was presented to this Court, both in a filed proof of claim and as an exhibit in this matter.

III.

### THE BANKRUPTCY COURT ERRED IN NOT FINDING THAT DEFENDANT HAS A VALID LIEN UPON HOMESTEAD

The Bankruptcy Court held that because the Defendant/Appellant did not file an affidavit with the County Clerk on the in compliance with Section 32..052 of the Texas Property Code, the Defendant/Appellant has no lien upon the Plaintiffs/Appellees' homestead. That decision is incorrect.

The Defendant/Appellant has a valid lien upon the real estate of the homestead of the Plaintiffs/Appellees. According to the Texas Constitution, Article XVI, Section 50(a), the "homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for:

"(5). Work and material used in constructing new improvements thereon, if contracted for in writing, or work and material used to repair or renovate existing improvements thereon if:
"(A) the work and material are contracted for in writing, with the consent of both spouses, in the case of a family homestead, given in the same manner as if required in making a sale and conveyance of the homestead;
"(B) the contract for the work and material is not executed by the owner or the owner's spouse before the 12th day after the owner makes written application for any extension of credit for the work and material, unless the work and material are necessary to complete immediate repairs to conditions on the homestead property that materially affect the health or safety of the owner or person residing in the homestead and the owner of the homestead acknowledges such in writing;
"(C the contract for the work and material expressly provides that the owner may rescind the contract without penalty or charge within three days after the execution of the contract by all parties, unless the work and material are necessary to complete immediate repairs to conditions on the homestead property that materially affect the health and safety of the owner or person residing in the homestead and the owner of the homestead acknowledges such in writing; and
"(D) the contract for the work and material is executed by the owner and the owner's spouse only at the office of a third party lender making an extension of credit for the work and material, an attorney

at law, or a title company.:

As a review of the documents presented to the Court by the Defendant plainly show, each of these requirements were met. The work was contracted for in writing (the Mechanic's Lien Note and Mechanic's Lien Contract signed March 10, 1999). The Mechanic's Lien Contract was filed pursuant to Texas Law (the Mechanic's Lien Note, being a promissory note, does not require recording). The application for credit was approved in September, 1998, well prior to the signing of the Mechanic's Lien Note and filed Mechanic's Lien Contract. The Mechanic's Lien Contract has boldly placed on the document (among other notices) "YOU MAY, WITHIN 3 BUSINESS DAYS AFTER CLOSING, RESCIND THIS LOAN WITHOUT PENALTY OR CHARGE." Finally, the documents were signed in the office of a title company, and the Mechanic's Lien Contract was not recorded until more than three (3) days after the documents were signed. All of the requirements of the Texas Constitution were complied with exactly.

But the Plaintiffs/Appellees contend that the Defendant/Appellant also had to comply with additional provisions of the Texas Property Code. Specifically, Plaintiffs/Appellees contend that the Defendant/Appellant did not comply with each and every requirement of Section 53.254 of the Texas Property Code. They specifically point to subsections (f) and (g) of Section 53.254. This reliance is misplaced.

According to Section 41.001(b) of the Texas Property Code, encumbrances may be properly fixed on homestead property for "…(3) work and material used in contracting improvements on the property if contracted for in writing as provided by Sections 53.254(a), (b), and (c);…." This brings Section 53.254 in compliance with the Texas Constitution. The Defendant/Appellant complied with each of the first five (a-e) of the subsections of Section 53.254. Thus, the Defendant/Appellant has a valid lien upon the homestead of the Plaintiffs/Appellees.

Case law supports this. Subparts of the constitutional provisions protect homestead property from forced sale for payment of all debts, except for "work and material used in constructing new improvements thereon, if contracted for in writing, or work and material used to repair or renovate existing improvements thereon if" certain conditions enumerated in the subparts are met, apply to work and material used to repair or renovate existing improvements on homestead property. See Texas Constitution, Article XVI, Section 50(a)(5)(A) to (D), and *Spradlin vs. Jim Walter Homes, Inc.*, 34 S.W.3d 578 (Tex. 2000).

Plaintiffs/Appellees rely on *CVN GROUP, INC. vs. DELGADO*, 47 S.W.3d 157 (Tex.App.- Austin 2001). Such reliance is misplaced. In the *CVN GROUP* case, the Court found no proper filing of a mechanics lien contract. That was done here. If there is no proper filing of the mechanics lien contract, then the only remaining alternative to establish a valid lien upon improvements is by way of an affidavit is set out in Section 52.052 of the Texas Property Code. There is no need to comply with that section if the mechanics lien contract is properly filed and all of the other steps needed to establish a lien upon homestead is complied with, as set out by the Texas Constitution and Section 53.254 (a), (b), c) of the Texas Property Code. That has been complied with here. See *Rooms with a View*, 7 s.w.3D 840, 849 (Tex.App.– Austin 1999) and *First National Bank vs. Sledge*, 653 S.W.2d 283 (Tex.1983).

Finally, Plaintiffs/Appellees contend that the amount demanded by the Defendant/Appellant is substantially higher than the original bid of the Defendant/Appellant. That is answered by the testimony of the requirement for additional repairs needed to be made, initially to stabilize the house, and then to repair the extra damage done by Plaintiffs/Appellees which was not contracted for by Defendant/Appellant. Yet this work was required to be completed in order to comply with the mortgage company's requirement that the house be completely repaired in order to allow the

mortgage to be granted at closing.

If, after the contract has been executed, the homestead claimants direct alterations to the contract or direct that extra labor be performed or extra materials be supplied, the authorized alterations and extras are valid and binding and come within the protection of the original improvement lien. This is true even though the cost of the improvements is increased. See *Turbeville vs. Book*, 226 S.W. 814 (1920,CA), *writ dism w o j*.

The actions of the Plaintiffs/Appellees in the "self help" portion of the construction where they dismantled their home, combined with the requirement that the house be completely repaired and finished in order to qualify for the mortgage, necessitated such additional expenses.

The Plaintiffs/Appellees have no defense to the secured claim of the Defendant/Appellant, and the secured interest of the Defendant/Appellant should be classified as secured under both the Texas Constitution and the Texas Property Code.

IV.

## CONCLUSION

The U. S. Bankruptcy Court erred in denying Defendant/Appellant's lien upon homestead, and Defendant/Appellant prays this Court reverse the U. S. Bankruptcy Court and return to him his lien upon Plaintiffs/Appellees homestead, and for such other relief as may be just and equitable in the premises.

Respectfully submitted,

*/s/ Richard O. Habermann*

Richard O. Habermann
1418 Beech Avenue, Suite 1323
McAllen, Texas 78501
(956) 687-2920
FAX: (956) 668-1923
Email: richardhabermann@sbcglobal.net
Federal I. D. No. 9275
State Bar No. 08665530

ATTORNEY FOR DEFENDNT/APPELANT

## CERTIFICATE OF SERVICE

This is to certify that on this 25 day of July, 2003, I sent a copy of the above and foregoing brief to Plaintiffs/Appellees' Attorney by regular mail, postage prepaid, in an envelope properly addressed, by placing said envelope in the United States Mail, McAllen, Texas Main Post Office.

*/s/ Richard O. Habermann*
Richard O. Habermann