

United States District Court
Southern District of Texas
FILED

SEP 0 2 2003

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HARRY J. CAVAZOS and | * | |
| MINERVA CAVAZOS | * | |
| | * | |
| vs. | * | CIVIL ACTION: B-03-057 |
| | * | |
| LUIS MUNOZ, d/b/a MUNOZ | * | |
| ROOFING AND CONSTRUCTION | * | |

### MEMORANDUM OF LAW
### ON PROCEDURE FOR CREATING A MECHANICS' LIEN IN TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Harry Cavazos and Minerva Cavazos, and file this Memorandum of Law in the above-referenced cause:

### INTRODUCTION

Texas law provides special protections for the homestead, separate and distinct from those protections given other types of property. Tex. Const. Art. XVI, § 50. "Texas courts have long held that homestead rights in Texas are 'founded upon principles of the soundest policy.'" *Rooms With A View vs. Private Natl. Mortgage Assoc.,* 7 S.W. 3d 840, 847 (Tex.App.-Austin 1999)(citing *Franklin vs. Coffee,* 18 Tex. 413, 415 (1857). Homestead rights are intended to protect Texas families from destitution and homelessness and encourage feelings of 'independence which are so essential to the maintenance of free institutions.'" See *Rooms* 7 S.W. 3d 840, 847 (Tex.App.-Austin 1999)(citing *Franklin vs. Coffee,* 18 Tex. 413, 415 (1857). "Courts should liberally

construe homestead provisions in a manner that promotes that intended purpose." See *Rooms,* 7 S.W. 3d 840, 847.

It is reasonable to conclude that the Texas Legislature promulgated Chapter 53 of the Texas Property Code, titled Mechanic's, Contractor's of Materialman's Liens for a purpose. If, as opposing counsel suggests one need only follow the procedure in the Constitution to perfect a lien, then the procedures set out in Chapter 53 serve no purpose. Chapter 53 is dedicated to the procedures for perfecting mechanic's liens, including required verbiage, font size of notice language and filings with the County Clerk's office. A Court should not attribute an interpretation to the Constitution that would completely make moot Chapter 53 of the Texas Property Code in its entirety. Comparisons can be drawn with the Federal scheme. The Fifth Amendment to the U.S. Constitution merely guarantees one a right to a "speedy trial." It does not specify a procedure or a time frame for a speedy trial. The procedure is set out statutorily in the U.S. Code of Criminal Procedure in the Speedy Trial Act. Prosecutors cannot ignore the procedures in the Code of Criminal Procedure just because the right is also in the Constitution and the Constitution does not specify a time frame. The same is true in the instant case. The Texas Property Code should not be ignored just because there is a right in the Texas Constitution.

**ISSUE 1:** Whether the "Mechanic's Lien Contract" recorded with the county records by Luis Munoz satisfies the requisites enumerated in the Texas Property Code, *vis.*, the required wording, the required print size or the required affidavits.

**RULE(S):** Texas Property Code Chapter 53 MECHANIC'S, CONTRACTOR'S OR MATERIALMAN'S LIEN, specifically, subchapter C. PROCEDURE FOR PERFECTING LIENS and subchapter K. RESIDENTIAL CONSTRUCTION PROJECTS (copies enclosed)

**CONCLUSION:** As a matter of law, the Mechanic's Lien Contract that was filed by respondent is *not valid* because it did not satisfy the requirements enumerated in the Texas Property Code. Although the Texas Constitution provides for Mechanics' Liens, the Legislature has established procedures in the Property Code that must be followed for the lien to be valid.

**ISSUE 2:** Whether the Texas Constitution provides a procedure for creating a Mechanics' Lien that is independent of the statutory procedures required by the Texas Property Code.

**RULE(S):** Texas Courts require that statutes be interpreted in a manner in which the words are given their clear meaning.

**CONCLUSION:** As a matter of law, the Mechanic's Lien Contract that was filed by respondent is *not valid* because it did not satisfy the requirements enumerated in the Texas Property Code. Although the Texas Constitution provides for Mechanics' Liens, the Legislature has established procedures in the Property Code that must be followed for the lien to be valid. If as opposing counsel suggests the Constitution allows Mechanics' Liens without any consideration for the statutory requirements, then the requisites in the Property Code are completely useless and superfluous without any purpose for that chapter of the Property Code to exist.

FACTS AND MEMORANDUM OF LAW

A. FACTS

Harry and Minerva Cavazos "Cavazos" and Luis Munoz "Munoz" executed a Mechanic's Lien Contract that is dated March 5, 1999 and is file stamped by the County Clerk of Willacy County on March 16, 1999. No other document was filed with the county records. Assuming, *arguendo,* that defendant did not begin construction until after March 16, 1999, the lien is still not valid, as a matter of law, because the document that was filed did not comply with the procedural and content requirements enumerated in the Texas Property Code.

B. MEMORANDUM OF LAW

In interpreting statutes, Courts start with the text of the statute. See *Stine vs. State,* 908 S.W.2d 429, 431 (Tex. Crim.App. 1995). Courts begin with the assumption that the legislature acted constitutionally in enacting the provision. See *United States vs. National dairy Prod. Corp.,* 372 U.S. 29, 32 (1963); *Travelers Indem. Co. vs. Fuller,* 892 S.W.2d 848, 850 (Tex. 1995).

Homestead tights have historically enjoyed sacred levels of protection in our jurisprudence. *Mills vs. Boskirk,* 32 Tex. 360, 362 (1969). Homesteads are generally protected from forced sale for the payment of debts, except for those debts specifically enumerated in the constitution. "[L]aborers may secure a valid

mechanic's and materialman's lien against the homestead on which the work was performed, but *only by following certain . . . statutory procedures."* (emphasis added). *CVN Group, Inc. vs. Delgado,* 47 S.W.3d 157 (Tex.App.-Austin 2001). The laborer *"must still comply with requirements found in section 53.254 of the Texas Property code in order to have a valid lien on"* a *homestead.* (emphasis added) *Id.;* Tex. Prop. Code Ann. § 53.254.

Although, there are a variety of "affidavits" that exist in the Texas Property Code, such as "affidavits of commencement," "affidavits of completion" or "affidavits of payment." The "affidavit" of which plaintiffs are relying upon is enumerated in the Texas Property Code CHAPTER 53. MECHANIC'S, CONTRACTOR'S, OR MATERIALMAN'S LIEN, SUBCHAPTER C. PROCEDURE FOR PERFECTING LIENS and also SUBCHAPTER K. RESIDENTIAL CONSTRUCTION PROJECTS. Subchapter C enumerates the procedure necessary to perfect a valid mechanic's, contractor's or materialman's lien in general, with one paragraph relating to residential construction. Subchapter K enumerates the procedure to perfect a valid lien on *residential construction* in general and in the paragraph captioned *"Homestead,"* enumerates the specific *additional requirements that must be followed* for homesteads. The Texas Property Code is clear that this *procedure is not optional.* Not only is the *lien affidavit required* to be filed with the county

records, but also the ***specific wording in the affidavit is required.*** The Hon. Richard Schmidt correctly concluded that the Texas Property Code could not be ignored.

1. CHAPTER 53. MECHANIC'S, CONTRACTOR'S, OR MATERIALMAN'S LIEN.

SUBCHAPTER C. PROCEDURE FOR PERFECTING LIENS

SUBCHAPTER K. RESIDENTIAL CONSTRUCTION PROJECTS

A lien is not perfected unless the filing and notice requirements set out in the Property Code are followed. (see Tex.Prop.Code §§ 53.051-53.059-Procedures for Perfection of Lien.). "To perfect the lien, a person ***must comply with this subchapter.***" (emphasis added). Tex.Prop.Code § 53.051. "A person claiming a lien arising from a residential construction project ***must*** file an ***affidavit*** with the ***county clerk of the county in which the property is located*** not later than the 15th day of the third calendar month after the day on which the indebtedness accrues." (emphasis added). Tex.Prop.Code § 53.052(b). The Texas Property Code at 53.254(f) also requires that "[a]n affidavit for lien filed under this subchapter ***that relates to a homestead must contain the following notice*** (emphasis added) conspicuously printed, stamped or typed in a size equal to at least 10-point boldface or the computer equivalent, at the top of the page: 'NOTICE: THIS IS NOT A LIEN. THIS IS ONLY AN AFFIDAVIT CLAIMING A LIEN.'" (emphasis

original). Tex.Prop.Code 53.254(f). The Mechanic's Lien Contract that was filed with the county _**does not**_ contain the required wording. Defendant did not comply with subparagraph (f), consequently the lien is not valid pursuant to subparagraph (b). A lien is not perfected unless the filing and notice requirements set out in the Property Code are followed. (see Tex.Prop.Code §§ 53.251-53.255-Procedures for Residential Construction Projects). "A person _**must comply**_ with this subchapter _**in addition to the other applicable provisions**_ of this chapter _**to perfect a lien**_ that arises from a claim resulting from a residential construction project." Tex.Prop.Code 53.254(b). Consequently, the Court should conclude that the documents purported to constitute a lien do not comply with the requisites required in Texas.

Respectfully submitted,

**LAW OFFICE OF GERRY LINAN**
847 East Harrison
Brownsville, Texas  78520
TEL #: (956) 504-2425
FAX #: (956) 504-2451

BY: _____
GERRY LINAN
Texas State Bar No.: 00792647
Federal Id. No.: 18904
Attorney for Harry and Minerva Cavazos

Cavazos' Memorandum of Law                                                              7

## CERTIFICATE OF SERVICE

    I, GERRY LINAN, hereby certify that a true and correct copy of the above and foregoing was mailed postage pre-paid to opposing counsel, on this, the 29th day of August, 2003.

                                           GERRY LINAN
                                           Attorney at Law