IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 6 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| IN RE: | )( | |
| | )( | |
| HARRY JOEL CAVAZOS | )( | CASE NO. B-03-CV-057 |
| MINERVA CAVAZOS | )( | (Chapter 13) |
| | )( | |
| Debtors, | )( | |
| HARRY J. CAVAZOS and MINERVA | )( | |
| CAVAZOS, | )( | |
| | )( | On Appeal From the |
| Plaintiffs/Appellees, | )( | U. S. Bankruptcy Court |
| | )( | Case No. 00-20271-B-13 |
| vs. | )( | Adversary Case No. 01-2101-B |
| | )( | |
| LUIS MUNOZ d/b/a MUNOZ | )( | |
| ROOFING AND CONSTRUCTION, | )( | |
| | )( | |
| Defendants/Appellants. | )( | |

## ADDITIONAL MEMORANDUM OF LAW

The Plaintiffs/Appellees and Defendant/Appellant agree that the facts, as set out in the Findings of Facts and Conclusions of Law, are correct. The Defendant/Appellant disagrees with the Conclusions of Law number 8 though 11, which state that no lien exists because there must be an Affidavit to perfect the Lien of the Appellant, and with the Order denying the Defendant/Appellant his lien upon Plaintiffs/Appellees' homestead property.

. According to the Texas Constitution, Article XVI, Section 50(a), the "homestead of a family, or of a single adult person, shall be, and is hereby protected from forced sale, for the payment of all debts except for:

"(5). Work and material used in constructing new improvements thereon, if contracted for in writing, or work and material used to repair or renovate existing improvements thereon if:
"(A) the work and material are contracted for in writing, with the consent of both spouses, in the case of a family homestead, given in the same manner as if required in making a sale and conveyance of the homestead;

"(B) the contract for the work and material is not executed by the owner or the owner's spouse before the 12th day after the owner makes written application for any extension of credit for the work and material, unless the work and material are necessary to complete immediate repairs to conditions on the homestead property that materially affect the health or safety of the owner or person residing in the homestead and the owner of the homestead acknowledges such in writing;

"(C the contract for the work and material expressly provides that the owner may rescind the contract without penalty or charge within three days after the execution of the contract by all parties, unless the work and material are necessary to complete immediate repairs to conditions on the homestead property that materially affect the health and safety of the owner or person residing in the homestead and the owner of the homestead acknowledges such in writing; and

"(D) the contract for the work and material is executed by the owner and the owner's spouse only at the office of a third party lender making an extension of credit for the work and material, an attorney at law, or a title company." See also Texas Juris III, Mechanic's Liens, Section 44 and following.

The contract was filed with the County Clerk of Willacy County (where the homestead is located) after three days after it was signed in the Office of Rio Grande Abstract Company, Inc. The Bankruptcy Court found that the actions and papers filed by the Defendant/Appellantr completely comply with all of the requirements of the Texas Constitution, see Conclusion of Law number 7.

The mechanic's lien given by the Texas Constitution does not depend on compliance with the statutes setting forth the procedure for perfecting a statutory lien, except with regard to derivative claimants. See Texas Juris III, Mechanic's Liens, Section 49. Also see *Hayek vs. Western Steel Company*, 478 S.W.2d 786, 790 (Tex.1972), *Apex Financial Corp. vs. Brown*, 7 S.W.3d 820, 830 (Tex.App-Texarkana, 1999) and *Rhoades vs. Miller*, 942 S.W.2d 942, 943 (Tex.Civ.App-Tyler, 1967). See also *CVN Group, Inc., vs. Delgado*, 47 S.W.3d 157, 165 (Tex.App.-Austin, 2001). These cases show that the original contractor can claim a constitutional lien. A derivative claimant (subcontractor) must rely on the affidavit (statutory lien) set out by the Texas Legislature. See *Hayek, Ibid.* at 790. Here, the Defendant/Appellant (original contractor) qualifies for a constitutional lien because he has met all of the requirements of such a lien (see the Bankruptcy Court Findings of Fact numbers 2 through 13 and Conclusions of Law numbers 1 though 7).

So, original contractor, Luis Munoz (Defendant/Appellant) has a constitutional lien, which

means he does not have to perfect a statutory lien. *Rhoades, Ibid.* at 944, *Ball vs. Davis*, 118 Tex. 534, 18 S.W.2d 1063 (Tex.1929) and *Strang vs. Pray*, 89 Tex. 525, 35 S.W. 1054 (Tex.1896).

Thus, the lien obtained by Luis Munoz is complete, properly perfected, is effective against the Plaintiffs/Appellees (Cavazos), and the decision of the U. S. Bankruptcy Court should be reversed as to its Conclusions of Law numbers 8 though 11, the following conclusion, and subsequent Judgment dated January 15, 2003.

## CONCLUSION

The U. S. Bankruptcy Court erred in denying Defendant/Appellant's lien upon homestead, and Defendant/Appellant prays this Court reverse the U. S. Bankruptcy Court in its conclusion that the Appellant had failed to perfect his lien on Plaintiffs/Appellees' homestead, and the subsequent Judgment of January 15, 2003 removing the lien upon homestead, and return to the Defendant/Appellant his lien upon Plaintiffs/Appellees' homestead, and for such other relief as may be just and equitable in the premises.

Respectfully submitted,

*/s/ Richard O. Habermann*

Richard O. Habermann
1418 Beech Avenue, Suite 132
McAllen, Texas 78501
(956) 687-2920
FAX: (956) 668-1923
Email: richardhabermann@sbcglobal.net
Federal I. D. No. 9275
State Bar No. 08665530

ATTORNEY FOR DEFENDNT/APPELANT

## CERTIFICATE OF SERVICE

This is to certify that on this /3 day of October, 2003, I sent a copy of the above and foregoing Memorandum to Plaintiffs/Appellees' Attorney by regular mail, postage prepaid, in an envelope properly addressed, by placing said envelope in the United States Mail, McAllen, Texas Main Post Office.

Mr. Gerry Linan
847 East Harrison
Brownsville, Texas 78520

_Richard O. Habermann_
Richard O. Habermann